No. 25-60496

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

JACKSON FEDERATION OF TEACHERS; BARBARA PHILLIPS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED; JAMES THOMAS, INDIVIDUALLY AND AS NEXT FRIEND TO MINOR CHILDREN, AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED; DAWN ZIMMERER, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED; L. E. JIBOL, INDIVIDUALLY AND AS NEXT FRIEND TO MINOR CHILDREN, AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED; UNITED CAMPUS WORKERS SOUTHEAST LOCAL 3821; MADISYN DONLEY, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED; ALEXIS COBBS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED; KAREN ADERER, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED; FOSTERING LGBTQ+ ADVOCACY, RESOURCES, AND ENVIRONMENTS; WOMEN IN SCIENCE AND ENGINEERING; JOY PARIKHA, INDIVIDUALLY AND AS NEXT FRIEND TO MINOR CHILDREN, AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED; GREG POWELL, INDIVIDUALLY AND AS NEXT FRIEND TO MINOR CHILDREN, AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED; JAKOB CLARK, INDIVIDUALLY AND AS NEXT FRIEND TO MINOR CHILDREN, AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED; ASHLEY ROGERS, INDIVIDUALLY AND AS NEXT FRIEND TO MINOR CHILDREN, AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED,
*Plaintiffs-Appellees*,

*v.*

LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI; GEE OGLETREE, IN THEIR OFFICIAL CAPACITY AS PRESIDENT OF THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING; STEVEN CUNNINGHAM, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING; AMY ARRINGTON, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING; DONALD CLARK, JR., IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING; ET AL.
*Defendants-Appellants.*

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:25-cv-00417-HTW-LGI

## DEFENDANTS-APPELLANTS' RECORD EXCERPTS

LYNN FITCH
  *Attorney General*
SCOTT G. STEWART
  *Solicitor General*
JUSTIN L. MATHENY
ANTHONY M. SHULTS
  *Deputy Solicitors General*
DANIEL KIM
  *Assistant Solicitor General*
MISSISSIPPI ATTORNEY
  GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
Email: justin.matheny@ago.ms.gov
*Counsel for Defendants-Appellants*

# RECORD EXCERPTS
# TABLE OF CONTENTS

| TAB | | RECORD CITATION |
|---|---|---|
| 1 | Docket Sheet, No. 3:25-cv-00417-HTW-LGI | ROA.1-34 |
| 2 | Notice of Appeal | ROA.1078-1080 |
| 3 | Temporary Restraining Order | ROA.696-710 |
| 4 | Preliminary-Injunction Order | ROA.960-981 |
| 5 | Mississippi House Bill No. 1193 (2025) | ROA.141-156 |

# TAB
# 1

Docket Sheet, No. 3:25-cv-00417-HTW-LGI

APPEAL,LGI,NO_CMC

# U.S. District Court
## Southern District of Mississippi (Northern (Jackson))
## CIVIL DOCKET FOR CASE #: 3:25-cv-00417-HTW-LGI
## Internal Use Only

Jackson Federation of Teachers, et al v. Lynn Fitch, et al
Assigned to: District Judge Henry T. Wingate
Referred to: Magistrate Judge LaKeysha Greer Isaac
 Case in other court:  Fifth Circuit, 25-60496
Cause: 42:1983 Civil Rights Act

Date Filed: 06/09/2025
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Mississippi Association of Educators**<br>*TERMINATED: 08/18/2025* | represented by | **Joshua F. Tom**<br>ACLU OF MISSISSIPPI - Jackson<br>P. O. Box 2242<br>101 S. Congress Street (39201)<br>Jackson, MS 39225-2242<br>601/354-3408<br>Fax: 601/355-6465<br>Email: jtom@aclu-ms.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Ayanna Denise Hill**<br>ACLU OF MISSISSIPPI - Jackson<br>P.O. Box 2242<br>Jackson, MS 39225<br>601-906-0928<br>Email: ahill@aclu-ms.org<br>*ATTORNEY TO BE NOTICED* |
| | | **McKenna E. Raney-Gray**<br>ACLU OF MISSISSIPPI - Jackson<br>P. O. Box 2242<br>101 S. Congress Street (39201)<br>Jackson, MS 39225-2242<br>662-801-9405<br>Email: mraney-gray@aclu-ms.org<br>*ATTORNEY TO BE NOTICED* |
| | | **Mohammed Amir Badat**<br>BADAT LEGAL PLLC<br>P.O. Box 15<br>Tougaloo, MS 39174<br>601-462-9592<br>Email: amir.badat@gmail.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Paloma Wu** |

25-60496.1

MISSISSIPPI CENTER FOR JUSTICE
210 E. Capitol Street
Suite 1800
Jackson, MS 39201
601-352-2269
Fax: 601-352-4769
Email: pwu@mscenterforjustice.org
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
THE LAW OFFICE OF ROBERT MCDUFF
767 North Congress Street
Jackson, MS 39202
601/969-0802
Fax: 601/969-0804
Email: RBM@McDuffLaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Barbara Phillips**
*Individually and on behalf of a class of all others similarly situated*

represented by **Joshua F. Tom**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**McKenna E. Raney-Gray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ayanna Denise Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Thomas**
*Individually and as next friend to minor children, and on behalf of a class of all others similarly situated*

represented by **Joshua F. Tom**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**McKenna E. Raney-Gray**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ayanna Denise Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dawn Zimmerer**                          represented by    **Joshua F. Tom**
*Individually and on behalf of a class of all*                (See above for address)
*others similarly situated*                                   *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Ayanna Denise Hill**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **McKenna E. Raney-Gray**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Mohammed Amir Badat**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Paloma Wu**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Robert B. McDuff**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**L. E. Jibol**                            represented by    **Joshua F. Tom**
*Individually and as next friend to minor*                   (See above for address)
*children, and on behalf of a class of all*                  *LEAD ATTORNEY*
*others similarly situated*                                   *ATTORNEY TO BE NOTICED*

**Ayanna Denise Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**McKenna E. Raney-Gray**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **United Campus Workers Southeast Local 3821** | represented by | **Joshua F. Tom**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **McKenna E. Raney-Gray**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Nicolas M. Stanojevich - PHV**<br>QUINN, CONNOR, WEAVER, DAVIES &<br>ROUCO LLP<br>4100 Perimeter Park South<br>Atlanta, GA 35202<br>205-870-9989<br>Email: nstanojevich@qcwdr.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Richard P. Rouco - PHV**<br>QUINN, CONNOR, WEAVER, DAVIES &<br>ROUCO, LLP<br>Two 20th Street North, Suite 930<br>Birmingham, AL 35203<br>205/870-9989<br>Fax: 205/803-4143<br>Email: rrouco@qcwdr.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Ayanna Denise Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Madisyn Donley**                                represented by    **Joshua F. Tom**
*Individually and on behalf of a class of all*                      (See above for address)
*others similarly situated*                                         *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**McKenna E. Raney-Gray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ayanna Denise Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alexis Cobbs**                                  represented by    **Joshua F. Tom**
*Individually and on behalf of a class of all*                      (See above for address)
*others similarly situated*                                         *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Ayanna Denise Hill**
(See above for address)

*ATTORNEY TO BE NOTICED*

**McKenna E. Raney-Gray**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Karen Aderer**                                 represented by   **Joshua F. Tom**
*Individually and on behalf of a class of all*                    (See above for address)
*others similarly situated*                                       *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                 **McKenna E. Raney-Gray**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Ayanna Denise Hill**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Mohammed Amir Badat**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Paloma Wu**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Robert B. McDuff**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Fostering LGBTQ+ Advocacy,**                   represented by   **Joshua F. Tom**
**Resources, Environments**                                      (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Ayanna Denise Hill**

<span style="color:red">25-60496.6</span>

(See above for address)
*ATTORNEY TO BE NOTICED*

**McKenna E. Raney-Gray**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Women in Science and Engineering**     represented by     **Joshua F. Tom**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**McKenna E. Raney-Gray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ayanna Denise Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joy Parikha**     represented by     **Joshua F. Tom**
*Individually and as next friend to minor*     (See above for address)
*children, and on behalf of a class of all*     *LEAD ATTORNEY*
*others similarly situated*     *ATTORNEY TO BE NOTICED*

**McKenna E. Raney-Gray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ayanna Denise Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Greg Powell**
*Individually and as next friend to minor children, and on behalf of a class of all others similarly situated*

represented by **Joshua F. Tom**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**McKenna E. Raney-Gray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ayanna Denise Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jakob Clark**
*Individually and as next friend to minor children, and on behalf of a class of all*

represented by **Joshua F. Tom**
(See above for address)
*LEAD ATTORNEY*

*others similarly situated*

*ATTORNEY TO BE NOTICED*

**McKenna E. Raney-Gray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ayanna Denise Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ashley Rogers**
*Individually and as next friend to minor
children, and on behalf of a class of all
others similarly situated*

represented by **Joshua F. Tom**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**McKenna E. Raney-Gray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ayanna Denise Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jackson Federation of Teachers**

represented by

**Joshua F. Tom**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**McKenna E. Raney-Gray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ayanna Denise Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mohammed Amir Badat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paloma Wu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert B. McDuff**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Board of Trustees of State Institutions of Higher Learning**
*TERMINATED: 06/30/2025*

represented by **Rex M. Shannon, III**-State Gov
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
550 High Street
P. O. Box 220 (39205)
Jackson, MS 39201
601-359-3680
Fax: 601-359-2003
Email: rex.shannon@ago.ms.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto**-State Gov
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
550 High Street
Ste 1100
Jackson, MS 39205-0220
601-359-2780
Email: lisa.reppeto@ago.ms.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mississippi Community College Board**
*TERMINATED: 06/30/2025*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mississippi State Board of Education**
*TERMINATED: 06/30/2025*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mississippi Charter School Authorizer Board**
*TERMINATED: 06/30/2025*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lynn Fitch**
*in her official capacity as Attorney General of Mississippi*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gee Ogletree**
*in their official capacity as President of the Board of Trustees of State Institutions of Higher Learning*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steven Cunningham**
*in their official capacities as Members of*
*the Board of Trustees of State Institutions of*
*Higher Learning*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Amy Arrington**
*in their official capacities as Members of*
*the Board of Trustees of State Institutions of*
*Higher Learning*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Donald Clark, Jr.**
*in their official capacities as Members of*
*the Board of Trustees of State Institutions of*
*Higher Learning*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ormella Cummings**
*in their official capacities as Members of*
*the Board of Trustees of State Institutions of*
*Higher Learning*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jerry L. Griffith**
*in their official capacities as Members of*
*the Board of Trustees of State Institutions of*
*Higher Learning*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jimmy Heidelberg**
*in their official capacities as Members of the Board of Trustees of State Institutions of Higher Learning*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Teresa Hubbard**
*in their official capacities as Members of the Board of Trustees of State Institutions of Higher Learning*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bruce Martin**
*in their official capacities as Members of the Board of Trustees of State Institutions of Higher Learning*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hal Parker**
*in their official capacities as Members of the Board of Trustees of State Institutions of Higher Learning*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gregg Rader**
*in their official capacities as Members of the Board of Trustees of State Institutions of Higher Learning*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charlie Stephenson**
*all in their official capacities as members of*
*the Board of Trustees of State Institutions of*
*Higher Learning*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Pigott**
*in their official capacity as chair of the*
*Mississippi Community College Board*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cheryl Thurmond**
*in their official capacities as Members of*
*the Mississippi Community College Board*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Videt Carmichael**
*in their official capacities as Members of*
*the Mississippi Community College Board*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Donnie Caughman**
*in their official capacities as Members of*
*the Mississippi Community College Board*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bubba Hudspeth**
*in their official capacities as Members of the Mississippi Community College Board*

represented by    **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dolly Marascalco**
*in their official capacities as Members of the Mississippi Community College Board*

represented by    **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Johnny McRight**
*in their official capacities as Members of the Mississippi Community College Board*

represented by    **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Luke Montgomery**
*in their official capacities as Members of the Mississippi Community College Board*

represented by    **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Will Symmes**
*in their official capacities as Members of the Mississippi Community College Board*

represented by    **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dianne Watson**
*in their official capacities as members of the*
*Mississippi Community College Board*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Glen East**
*in their official capacity as chair of the*
*Mississippi State Board of Education*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Matt Miller**
*in their official capacities as Members of*
*the Mississippi State Board of Education*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lance Evans**
*in their official capacities as Members of*
*the Mississippi State Board of Education*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wendi Barrett**
*in their official capacities as Members of*
*the Mississippi State Board of Education*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Matt Mayo**
*in their official capacities as Members of*
*the Mississippi State Board of Education*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bill Jacobs**
*in their official capacities as Members of*
*the Mississippi State Board of Education*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ronnie McGehee**
*in their official capacities as Members of*
*the Mississippi State Board of Education*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mike Pruitt**
*in their official capacities as Members of*
*the Mississippi State Board of Education*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Billye Jean Stroud**
*in their official capacities as Members of*
*the Mississippi State Board of Education*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mary Werner**
*in their official capacities as Members of*
*the Mississippi State Board of Education*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Marcy Scoggins**
*in their official capacity as chair of the*
*Mississippi Charter School Authorizer*
*Board*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Jay Carney**
*in their official capacities as Members of*
*the Mississippi Charter School Authorizer*
*Board*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Sandra McKiernon**
*in their official capacities as Members of*
*the Mississippi Charter School Authorizer*
*Board*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Erin Meyer**
*in their official capacities as Members of*
*the Mississippi Charter School Authorizer*
*Board*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Ben Morgan**
*in their official capacities as Members of
the Mississippi Charter School Authorizer
Board*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Candace Robins**
*in their official capacities as Members of
the Mississippi Charter School Authorizer
Board*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jennifer Jackson Whittier**
*in their official capacities as members of the
Mississippi Charter School Authorizer
Board*

represented by **Rex M. Shannon, III-State Gov**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa A. Reppeto-State Gov**
(See above for address)
*ATTORNEY TO BE NOTICED*

Email All Attorneys

| Date Filed | # | Docket Text |
|---|---|---|
| 06/09/2025 | 1 (p.35) | COMPLAINT against Board of Trustees of State Institutions of Higher Learning, Mississippi Charter School Authorizer Board, Mississippi Community College Board, Mississippi State Board of Education ( Filing fee $ 405 receipt number AMSSDC-5706483), filed by United Campus Workers Southeast Local 3821, Women in Science and Engineering, Barbara Phillips, Dawn Zimmerer, L. E. Jibol, Karen Aderer, Alexis Cobbs, Mississippi Association of Educators, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, James Thomas. (Attachments: # 1 (p.35) Civil Cover Sheet)(cwl) (Entered: 06/09/2025) |
| 06/09/2025 | | (Court only) ***Set LGI, NO_CMC Flags (cwl) (Entered: 06/09/2025) |
| 06/09/2025 | 2 (p.71) | Summons Issued as to Board of Trustees of State Institutions of Higher Learning, Mississippi Charter School Authorizer Board, Mississippi Community College Board, Mississippi State Board of Education. (cwl) (Entered: 06/09/2025) |
| 06/09/2025 | | (Court only) ***Staff notes: Summons emailed to attorney Tom. (cwl) (Entered: 06/09/2025) |
| 06/13/2025 | 3 (p.75) | |

| | | NOTICE of Appearance by Robert B. McDuff on behalf of Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Barbara Phillips, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (McDuff, Robert) (Entered: 06/13/2025) |
|---|---|---|
| 06/16/2025 | 4 (p.77) | Unopposed MOTION for Leave to File Excess Pages *45 pages total* by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (McDuff, Robert) (Entered: 06/16/2025) |
| 06/16/2025 | 5 (p.80) | NOTICE of Appearance by Paloma Wu on behalf of Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Wu, Paloma) (Entered: 06/16/2025) |
| 06/17/2025 | 6 (p.81) | SUMMONS Returned Executed by United Campus Workers Southeast Local 3821, Women in Science and Engineering, Barbara Phillips, Dawn Zimmerer, L. E. Jibol, Karen Aderer, Alexis Cobbs, Mississippi Association of Educators, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, James Thomas. All Defendants served on 6/10/2025, answer due 7/1/2025. (Tom, Joshua) Modified on 6/18/2025 to correct docket text (CO). (Entered: 06/17/2025) |
| 06/17/2025 | 7 (p.89) | NOTICE of Appearance by Rex M. Shannon, III-State Gov on behalf of Mississippi Charter School Authorizer Board, Mississippi Community College Board, Mississippi State Board of Education (Shannon, III-State Gov, Rex) (Entered: 06/17/2025) |
| 06/17/2025 | 8 (p.91) | NOTICE of Appearance by McKenna E. Raney-Gray on behalf of Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Raney-Gray, McKenna) (Entered: 06/17/2025) |
| 06/17/2025 | | TEXT ONLY ORDER granting 4 (p.77) Unopposed MOTION for Leave to File Excess Pages 45 pages total. NO FURTHER WRITTEN ORDER SHALL FOLLOW. Signed by District Judge Henry T. Wingate on 6/17/2025. (RWS) (Entered: 06/17/2025) |
| 06/17/2025 | 9 (p.93) | NOTICE of Appearance by Ayanna Denise Hill on behalf of Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Hill, Ayanna) (Entered: 06/17/2025) |
| 06/18/2025 | 10 (p.95) | NOTICE of Appearance by Lisa A. Reppeto on behalf of Mississippi State Board of Education (Reppeto, Lisa) Modified on 6/18/2025 (CO). (Entered: 06/18/2025) |
| 06/18/2025 | 11 (p.98) | MOTION for Preliminary Injunction *and Temporary Restraining Order* by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Attachments: # 1 (p.35) Exhibit 1 - Declaration of WiSE, # 2 (p.71) Exhibit 2 - Declaration of Barbara Phillips, # 3 (p.75) Exhibit 5 - |

| | | |
|---|---|---|
| | | Declaration of D'Andra Orey, # 4 (p.77) Exhibit 6 - Declaration Cliff Johnson, # 5 (p.80) Exhibit 7 - Declaration of Jaime Harker, # 6 (p.81) Exhibit 8 - Declaration of James M. Thomas, # 7 (p.89) Exhibit 9 - Declaration of L.E. Jibol, # 8 (p.91) Exhibit 10 - Declaration of Clifford Boler, # 9 (p.93) Exhibit 11 - Declaration of Madisyn Donley, # 10 (p.95) Exhibit 12 - Declaration of Alexis Cobbs, # 11 (p.98) Exhibit 13 - Declaration of FLARE, # 12 (p.157) Exhibit 14 - Declaration of Dawn Zimmerer, # 13 (p.198) Exhibit 15 - Declaration of a Member of MAE, # 14 (p.212) Exhibit 16 - HB 1193 by Gov)(Tom, Joshua) (Entered: 06/18/2025) |
| 06/18/2025 | 12 (p.157) | MEMORANDUM in Support re 11 (p.98) MOTION for Preliminary Injunction *and Temporary Restraining Order* filed by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Tom, Joshua) (Entered: 06/18/2025) |
| 06/19/2025 | | NOTICE OF HEARING ON MOTION: 11 (p.98) Motion for Preliminary Injunction *and Temporary Restraining Order* : Motion Hearing set for 6/24/2025 01:00 PM in Courtroom 6A (Jackson) Wingate before District Judge Henry T. Wingate. (TDB) (Entered: 06/19/2025) |
| 06/20/2025 | 13 (p.198) | Supplemental MOTION for Temporary Restraining Order , Supplemental MOTION for Preliminary Injunction by Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Attachments: # 1 (p.35) Exhibit Supp Declaration James Thomas, # 2 (p.71) Exhibit Declaration Toshikazu Ikuta, # 3 (p.75) Exhibit Declaration Laura Mammina)(McDuff, Robert) (Entered: 06/20/2025) |
| 06/20/2025 | 14 (p.212) | NOTICE of Appearance by Rex M. Shannon, III-State Gov on behalf of Board of Trustees of State Institutions of Higher Learning (Shannon, III-State Gov, Rex) (Entered: 06/20/2025) |
| 06/23/2025 | 15 (p.214) | NOTICE of Appearance by Lisa A. Reppeto-State Gov on behalf of Board of Trustees of State Institutions of Higher Learning (Reppeto-State Gov, Lisa) (Entered: 06/23/2025) |
| 06/23/2025 | 16 (p.217) | NOTICE of Appearance by McKenna E. Raney-Gray on behalf of Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Raney-Gray, McKenna) (Entered: 06/23/2025) |
| 06/23/2025 | 17 (p.219) | MOTION to Dismiss for Lack of Jurisdiction by Board of Trustees of State Institutions of Higher Learning, Mississippi Charter School Authorizer Board, Mississippi Community College Board, Mississippi State Board of Education (Attachments: # 1 (p.35) Exhibit A - Miss. H.B. 1193 (2025 Regular Session))(Shannon, III-State Gov, Rex) (Entered: 06/23/2025) |
| 06/23/2025 | 18 (p.238) | MEMORANDUM in Support re 17 (p.219) MOTION to Dismiss for Lack of Jurisdiction filed by Board of Trustees of State Institutions of Higher Learning, Mississippi Charter School Authorizer Board, Mississippi Community College Board, Mississippi State Board of Education (Shannon, III-State Gov, Rex) (Entered: 06/23/2025) |
| 06/23/2025 | 19 (p.264) | RESPONSE in Opposition re 11 (p.98) MOTION for Preliminary Injunction *and Temporary Restraining Order*, 13 (p.198) Supplemental MOTION for Temporary |

| | | |
|---|---|---|
| | | Restraining Order Supplemental MOTION for Preliminary Injunction *Response to TRO* filed by Board of Trustees of State Institutions of Higher Learning (Attachments: # 1 (p.35) Exhibit June 18, 2025 emails, # 2 (p.71) Exhibit June 19, 2025 emails)(Reppeto-State Gov, Lisa) (Entered: 06/23/2025) |
| 06/23/2025 | 20 (p.277) | RESPONSE in Opposition re 11 (p.98) MOTION for Preliminary Injunction *and Temporary Restraining Order*, 13 (p.198) Supplemental MOTION for Temporary Restraining Order Supplemental MOTION for Preliminary Injunction *Corrected Response to Motion forTRO* filed by Board of Trustees of State Institutions of Higher Learning, Mississippi Charter School Authorizer Board, Mississippi Community College Board, Mississippi State Board of Education (Attachments: # 1 (p.35) Exhibit June 18, 2025 emails, # 2 (p.71) Exhibit June 19, 2025 emails)(Reppeto-State Gov, Lisa) (Entered: 06/23/2025) |
| 06/23/2025 | 21 (p.290) | MEMORANDUM IN SUPPORT re 20 (p.277) Response in Opposition to 11 (p.98) MOTION for Preliminary Injunction and Temporary Restraining Order,, *for TRO* filed by Board of Trustees of State Institutions of Higher Learning, Mississippi Charter School Authorizer Board, Mississippi Community College Board, Mississippi State Board of Education (Reppeto-State Gov, Lisa) Modified on 6/26/2025 to correct docket text (CO). (Entered: 06/23/2025) |
| 06/23/2025 | 22 (p.303) | AMENDED COMPLAINT *(First)* against Board of Trustees of State Institutions of Higher Learning, Mississippi Charter School Authorizer Board, Mississippi Community College Board, Mississippi State Board of Education, filed by United Campus Workers Southeast Local 3821, Women in Science and Engineering, Barbara Phillips, Dawn Zimmerer, L. E. Jibol, Karen Aderer, Alexis Cobbs, Mississippi Association of Educators, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, James Thomas, Lynn Fitch, Gee Ogletree, Steven Cunningham, Amy Arrington, Donald Clark, Jr., Ormella Cummings, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bruce Martin, Hal Parker, Gregg Rader, Charlie Stephenson, John Pigott, Cheryl Thurmond, Videt Carmichael, Donnie Caughman, Bubba Hudspeth, Dolly Marascalco, Johnny McRight, Luke Montgomery, Will Symmes, Glen East, Matt Miller, Lance Evans, Wendi Barrett, Matt Mayo, Bill Jacobs, Ronnie McGehee, Mike Pruitt, Billye Jean Stroud, Mary Werner, Marcy Scoggins, Jay Carney, Sandra McKiernon, Erin Meyer, Ben Morgan, Candace Robins, Jennifer Jackson Whittier.(Tom, Joshua) Modified on 6/24/2025 (cwl). Modified on 6/24/2025 (cwl). (Entered: 06/23/2025) |
| 06/24/2025 | | DOCKET ANNOTATION as to #22: Failure to add additional defendants. Court staff edited docket to include parties. (cwl) (Entered: 06/24/2025) |
| 06/24/2025 | 23 | Summons Issued as to Glen East, Lynn Fitch, Gee Ogletree, John Pigott, Marcy Scoggins. (cwl) (Entered: 06/24/2025) |
| 06/24/2025 | 24 (p.342) | Summons Issued as to Amy Arrington, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bruce Martin, Hal Parker, Gregg Rader, Charlie Stephenson. (cwl) (Entered: 06/24/2025) |
| 06/24/2025 | 25 (p.353) | Summons Issued as to Videt Carmichael, Donnie Caughman, Bubba Hudspeth, Dolly Marascalco, Johnny McRight, Luke Montgomery, Will Symmes, Cheryl Thurmond, Dianne Watson. (cwl) (Entered: 06/24/2025) |
| 06/24/2025 | 26 (p.362) | Summons Issued as to Wendi Barrett, Lance Evans, Bill Jacobs, Matt Mayo, Ronnie McGehee, Matt Miller, Mike Pruitt, Billye Jean Stroud, Mary Werner. (cwl) (Entered: 06/24/2025) |

| 06/24/2025 | 27 (p.371) | Summons Issued as to Jay Carney, Sandra McKiernon, Erin Meyer, Ben Morgan, Candace Robins, Jennifer Jackson Whittier. (cwl) (Entered: 06/24/2025) |
|---|---|---|
| 06/24/2025 | 28 (p.377) | SUMMONS Returned Executed by Women in Science and Engineering, Dawn Zimmerer, Karen Aderer, Mississippi Association of Educators, United Campus Workers Southeast Local 3821, Madisyn Donley, Barbara Phillips, L. E. Jibol, Alexis Cobbs, Fostering LGBTQ+ Advocacy, Resources, Environments, James Thomas. Glen East served on 6/24/2025, answer due 7/15/2025; Lynn Fitch served on 6/24/2025, answer due 7/15/2025; Gee Ogletree served on 6/24/2025, answer due 7/15/2025; John Pigott served on 6/24/2025, answer due 7/15/2025; Marcy Scoggins served on 6/24/2025, answer due 7/15/2025. (Tom, Joshua) (Entered: 06/24/2025) |
| 06/24/2025 | 29 | Minute Entry for proceedings held before District Judge Henry T. Wingate: Motion Hearing held on 6/24/2025 re 11 (p.98) MOTION for Preliminary Injunction *and Temporary Restraining Order* filed by Women in Science and Engineering, Mississippi Association of Educators, Madisyn Donley, Alexis Cobbs, L. E. Jibol, Fostering LGBTQ+ Advocacy, Resources, Environments, James Thomas, Barbara Phillips, United Campus Workers Southeast Local 3821, Dawn Zimmerer, Karen Aderer. The Court heard oral argument on the Motion for Temporary Restraining Order. APPEARANCES: Joshua Tom, Ayanna Hill, McKenna Raney-Gray, Paloma Wu, and Robert McDuff - Plaintiffs. Rex Shannon and Lisa Reppetto - Defendants. Court Reporter/Transcriber Teri Norton, Telephone Number : 601-608-4186, E-mail : teri_norton@mssd.uscourts.gov. (TDB) (Entered: 06/24/2025) |
| 06/26/2025 | | DOCKET ANNOTATION as to 21 (p.290) : Incorrect linkage made. The MEMORANDUM IN SUPPORT should be linked to MOTION for Preliminary Injunction and Temporary Restraining Order. All related filings to motions (using the "Responses and Replies" category, with the exception of "Response to Order") should be linked back to the original motion. Court staff has made the correction. (CO) (Entered: 06/26/2025) |
| 06/27/2025 | 30 (p.392) | NOTICE of Appearance by Rex M. Shannon, III-State Gov on behalf of Amy Arrington, Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Shannon, III-State Gov, Rex) (Entered: 06/27/2025) |
| 06/30/2025 | 31 (p.396) | MOTION for Nicholas M. Stanojevich to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5723443) by United Campus Workers Southeast Local 3821 (Attachments: # 1 (p.35) Exhibit A - Certificate of Good Standing)(Tom, Joshua) (Entered: 06/30/2025) |
| 06/30/2025 | 32 (p.404) | STIPULATION of Dismissal *of State Educational Board Defendants* by Board of Trustees of State Institutions of Higher Learning, Mississippi Charter School Authorizer Board, Mississippi Community College Board, Mississippi State Board of Education (Shannon, III-State Gov, Rex) (Entered: 06/30/2025) |
| 06/30/2025 | | (Court only) *** Party Mississippi Community College Board, Mississippi State Board of Education, Board of Trustees of State Institutions of Higher Learning and Mississippi Charter School Authorizer Board terminated per 32 (p.404) Order. (CO) |

| | | |
|---|---|---|
| | | (Entered: 07/01/2025) |
| 07/01/2025 | | Mississippi Community College Board, Mississippi State Board of Education, Board of Trustees of State Institutions of Higher Learning and Mississippi Charter School Authorizer Board terminated pursuant to Stipulation of Dismissal of State Educational Board Defendants filed on 06/30/2025. (CO) (Entered: 07/01/2025) |
| 07/01/2025 | 33 (p.406) | ***ERROR***DISREGARD THIS ENTRY. SEE CORRECTED ENTRY 34 (p.429) . SUMMONS Returned Executed by Women in Science and Engineering, Dawn Zimmerer, Karen Aderer, Mississippi Association of Educators, United Campus Workers Southeast Local 3821, Madisyn Donley, Barbara Phillips, L. E. Jibol, Alexis Cobbs, Fostering LGBTQ+ Advocacy, Resources, Environments, James Thomas. Board of Trustees of State Institutions of Higher Learning served on 6/24/2025, answer due 7/15/2025. (Attachments: # 1 (p.35) Attachment Receipt Acknowledgement by Capitol Police)(Tom, Joshua) Modified on 7/2/2025 (cwl). Modified on 7/2/2025 (cwl). (Entered: 07/01/2025) |
| 07/01/2025 | 34 (p.429) | SUMMONS Returned Executed by Women in Science and Engineering, Dawn Zimmerer, Karen Aderer, Mississippi Association of Educators, United Campus Workers Southeast Local 3821, Madisyn Donley, Barbara Phillips, L. E. Jibol, Alexis Cobbs, Fostering LGBTQ+ Advocacy, Resources, Environments, James Thomas. Amy Arrington served on 6/24/2025, answer due 7/15/2025; Donald Clark, Jr served on 6/24/2025, answer due 7/15/2025; Ormella Cummings served on 6/24/2025, answer due 7/15/2025; Steven Cunningham served on 6/24/2025, answer due 7/15/2025; Jerry L. Griffith served on 6/24/2025, answer due 7/15/2025; Jimmy Heidelberg served on 6/24/2025, answer due 7/15/2025; Teresa Hubbard served on 6/24/2025, answer due 7/15/2025; Bruce Martin served on 6/24/2025, answer due 7/15/2025; Hal Parker served on 6/24/2025, answer due 7/15/2025; Gregg Rader served on 6/24/2025, answer due 7/15/2025; Charlie Stephenson served on 6/24/2025, answer due 7/15/2025. (Attachments: # 1 (p.35) Attachment Receipt Acknowledgement from Capitol Police)(Tom, Joshua) (Entered: 07/01/2025) |
| 07/01/2025 | 35 (p.452) | SUMMONS Returned Executed by Women in Science and Engineering, Dawn Zimmerer, Karen Aderer, Mississippi Association of Educators, United Campus Workers Southeast Local 3821, Madisyn Donley, Barbara Phillips, L. E. Jibol, Alexis Cobbs, Fostering LGBTQ+ Advocacy, Resources, Environments, James Thomas. Videt Carmichael served on 6/24/2025, answer due 7/15/2025; Bubba Hudspeth served on 6/24/2025, answer due 7/15/2025; Dolly Marascalco served on 6/24/2025, answer due 7/15/2025; Johnny McRight served on 6/24/2025, answer due 7/15/2025; Luke Montgomery served on 6/24/2025, answer due 7/15/2025; Will Symmes served on 6/24/2025, answer due 7/15/2025; Cheryl Thurmond served on 6/24/2025, answer due 7/15/2025; Dianne Watson served on 6/24/2025, answer due 7/15/2025, Donnie Caughman served on 6/24/2025, answer due 7/15/2025. . (Attachments: # 1 (p.35) Attachment Receipt Acknowledgement from Capitol Police)(Tom, Joshua) Modified on 7/2/2025 (cwl). (Entered: 07/01/2025) |
| 07/01/2025 | 36 (p.471) | SUMMONS Returned Executed by Women in Science and Engineering, Dawn Zimmerer, Karen Aderer, Mississippi Association of Educators, United Campus Workers Southeast Local 3821, Madisyn Donley, Barbara Phillips, L. E. Jibol, Alexis Cobbs, Fostering LGBTQ+ Advocacy, Resources, Environments, James Thomas. Wendi Barrett served on 6/24/2025, answer due 7/15/2025; Lance Evans served on 6/24/2025, answer due 7/15/2025; Bill Jacobs served on 6/24/2025, answer due 7/15/2025; Matt Mayo served on 6/24/2025, answer due 7/15/2025; Ronnie McGehee served on 6/24/2025, answer due 7/15/2025; Matt Miller served on |

| | | |
|---|---|---|
| | | 6/24/2025, answer due 7/15/2025; Mike Pruitt served on 6/24/2025, answer due 7/15/2025; Billye Jean Stroud served on 6/24/2025, answer due 7/15/2025; Mary Werner served on 6/24/2025, answer due 7/15/2025. (Attachments: # 1 (p.35) Attachment Receipt Acknowledgement from Capitol Police)(Tom, Joshua) (Entered: 07/01/2025) |
| 07/01/2025 | 37 (p.490) | SUMMONS Returned Executed by Women in Science and Engineering, Dawn Zimmerer, Karen Aderer, Mississippi Association of Educators, United Campus Workers Southeast Local 3821, Madisyn Donley, Barbara Phillips, L. E. Jibol, Alexis Cobbs, Fostering LGBTQ+ Advocacy, Resources, Environments, James Thomas. Jay Carney served on 6/24/2025, answer due 7/15/2025; Sandra McKiernon served on 6/24/2025, answer due 7/15/2025; Erin Meyer served on 6/24/2025, answer due 7/15/2025; Ben Morgan served on 6/24/2025, answer due 7/15/2025; Candace Robins served on 6/24/2025, answer due 7/15/2025; Jennifer Jackson Whittier served on 6/24/2025, answer due 7/15/2025. (Attachments: # 1 (p.35) Attachment Receipt Acknowledgement from Capitol Police)(Tom, Joshua) (Entered: 07/01/2025) |
| 07/01/2025 | | Set: Donnie Caughman answer due 7/15/2025. (cwl) (Entered: 07/02/2025) |
| 07/02/2025 | | DOCKET ANNOTATION as to #33: Attorney advises that there is an error in this entry, and it should be disregarded.(cwl) (Entered: 07/02/2025) |
| 07/02/2025 | 38 (p.503) | NOTICE of Appearance by Lisa A. Reppeto-State Gov on behalf of Amy Arrington, Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Reppeto-State Gov, Lisa) (Entered: 07/02/2025) |
| 07/02/2025 | 39 (p.507) | MOTION to Dismiss for Lack of Jurisdiction by Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Glen East, Lance Evans, Lynn Fitch, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, John Pigott, Mike Pruitt, Candace Robins, Marcy Scoggins, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Attachments: # 1 (p.35) Exhibit A - Miss. H.B. 1193 (2025 Regular Session))(Shannon, III-State Gov, Rex) (Entered: 07/02/2025) |
| 07/02/2025 | 40 (p.527) | MEMORANDUM in Support re 39 (p.507) MOTION to Dismiss for Lack of Jurisdiction filed by Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Glen East, Lance Evans, Lynn Fitch, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, John Pigott, Mike Pruitt, Candace Robins, Marcy Scoggins, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Shannon, III-State Gov, Rex) (Entered: 07/02/2025) |
| 07/02/2025 | 41 (p.556) | Joinder in Document by Amy Arrington, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bruce Martin, Gee Ogletree, Hal Parker, Gregg Rader, Charlie Stephenson to 40 (p.527) |

| | | |
|---|---|---|
| | | Memorandum in Support of Motion,, filed by Billye Jean Stroud, Videt Carmichael, Matt Mayo, Candace Robins, Ben Morgan, Erin Meyer, Bubba Hudspeth, Matt Miller, Bill Jacobs, Marcy Scoggins, Jennifer Jackson Whittier, Jay Carney, Ronnie McGehee, Dianne Watson, Dolly Marascalco, John Pigott, Lance Evans, Sandra McKiernon, Lynn Fitch, Mike Pruitt, Donnie Caughman, Wendi Barrett, Will Symmes, Luke Montgomery, Cheryl Thurmond, Mary Werner, Glen East, Johnny McRight, 39 (p.507) MOTION to Dismiss for Lack of Jurisdiction filed by Billye Jean Stroud, Videt Carmichael, Matt Mayo, Candace Robins, Ben Morgan, Erin Meyer, Bubba Hudspeth, Matt Miller, Bill Jacobs, Marcy Scoggins, Jennifer Jackson Whittier, Jay Carney, Ronnie McGehee, Dianne Watson, Dolly Marascalco, John Pigott, Lance Evans, Sandra McKiernon, Lynn Fitch, Mike Pruitt, Wendi Barrett, Donnie Caughman, Will Symmes, Luke Montgomery, Cheryl Thurmond, Johnny McRight, Mary Werner, Glen East (Shannon, III-State Gov, Rex) (Entered: 07/02/2025) |
| 07/02/2025 | 42 (p.559) | RESPONSE in Opposition re 11 (p.98) MOTION for Preliminary Injunction *and Temporary Restraining Order*, 13 (p.198) Supplemental MOTION for Temporary Restraining Order Supplemental MOTION for Preliminary Injunction filed by Amy Arrington, Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Attachments: # 1 (p.35) Exhibit A - DCL, # 2 (p.71) Exhibit B - C. Prestwood Declaration, # 3 (p.75) Exhibit C - K. Smith Declaration, # 4 (p.77) Exhibit D - K. Wiggins Declaration, # 5 (p.80) Exhibit E - L. Karmacharya Declaration)(Reppeto-State Gov, Lisa) (Entered: 07/02/2025) |
| 07/02/2025 | 43 (p.607) | MEMORANDUM IN SUPPORT re 42 (p.559) Response in Opposition to Motion,,,, filed by Amy Arrington, Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Reppeto-State Gov, Lisa) (Entered: 07/02/2025) |
| 07/09/2025 | | TEXT ONLY ORDER granting 31 (p.396) Motion to Appear Pro Hac Vice. That Attorney, Nicholas M. Stanojevich, be admitted pro hac vice in this case on behalf of Plaintiff, United Campus Workers Southeast Local 3821, in association with local counsel conditioned upon completion of the registration procedures found on the Court's website and at the following link: https://www.mssd.uscourts.gov/attorney-admissions-page. NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. Signed by Magistrate Judge LaKeysha Greer Isaac on 7/9/25 (NL) (Entered: 07/09/2025) |
| 07/09/2025 | 44 (p.630) | ORDER STAYING DISCOVERY. Counsel for plaintiff shall promptly notify the Magistrate Judge of a decision on the motion and shall submit a proposed order lifting the stay, if appropriate. Within fourteen (14) days of entry of the order lifting |

| | | the stay, the parties shall confer in accordance with L.U.Civ.R.26(c), and all other deadlines will be determined accordingly. A telephonic case management conference shall be scheduled within sixty (60) days of the lifting of the stay. The parties should notify the Court by letter if within thirty (30) days of the lifting of the stay they have not received notice of the case management conference. Signed by Magistrate Judge LaKeysha Greer Isaac on 7/9/25 (NL) (Entered: 07/09/2025) |
|---|---|---|
| 07/09/2025 | | (Court only) Attorney Nicolas M. Stanojevich - PHV for United Campus Workers Southeast Local 3821 added. (cwl) (Entered: 07/09/2025) |
| 07/11/2025 | 45 (p.631) | MOTION to Withdraw *Mississippi Association of Educators as Plaintiff* by Mississippi Association of Educators (Tom, Joshua) (Entered: 07/11/2025) |
| 07/11/2025 | 46 (p.634) | REPLY to Response to Motion re 11 (p.98) MOTION for Preliminary Injunction *and Temporary Restraining Order* filed by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Attachments: # 1 (p.35) Exhibit 1 Karen Aderer Declaration)(Tom, Joshua) (Entered: 07/11/2025) |
| 07/14/2025 | 47 (p.653) | *Separate* ANSWER to 22 (p.303) Amended Complaint,,,, *IHL Board Member Defendants* by Amy Arrington, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bruce Martin, Gee Ogletree, Hal Parker, Gregg Rader, Charlie Stephenson.(Shannon, III-State Gov, Rex) (Entered: 07/14/2025) |
| 07/16/2025 | 48 (p.674) | RESPONSE in Opposition re 39 (p.507) MOTION to Dismiss for Lack of Jurisdiction filed by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Tom, Joshua) (Entered: 07/16/2025) |
| 07/16/2025 | 49 (p.677) | MEMORANDUM in Opposition re 39 (p.507) MOTION to Dismiss for Lack of Jurisdiction filed by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Tom, Joshua) (Entered: 07/16/2025) |
| 07/16/2025 | 50 (p.693) | Response in Opposition re 41 (p.556) Joinder in Document by Amy Arrington, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bruce Martin, Gee Ogletree, Hal Parker, Gregg Rader, Charlie Stephenson to 40 (p.527) Memorandum in Support of Motion,, filed by Billye Jean Stroud, Videt Carmichael, Matt Mayo, Candace Robins, Ben Morgan, Erin Meyer, Bubba Hudspeth, Matt Miller, Bill Jacobs, Marcy Scoggins, Jennifer Jackson Whittier, Jay Carney, Ronnie McGehee, Dianne Watson, Dolly Marascalco, John Pigott, Lance Evans, Sandra McKiernon, Lynn Fitch, Mike Pruitt, Donnie Caughman, Wendi Barrett, Will Symmes, Luke Montgomery, Cheryl Thurmond, Mary Werner, Glen East, Johnny McRight, 39 (p.507) MOTION to Dismiss for Lack of Jurisdiction filed by Billye Jean Stroud, Videt Carmichael, Matt Mayo, Candace Robins, Ben Morgan, Erin Meyer, Bubba Hudspeth, Matt Miller, Bill Jacobs, Marcy Scoggins, Jennifer Jackson Whittier, Jay Carney, Ronnie McGehee, Dianne Watson, Dolly Marascalco, John Pigott, Lance Evans, Sandra McKiernon, Lynn Fitch, Mike Pruitt, Wendi Barrett, Donnie Caughman, Will Symmes, Luke Montgomery, Cheryl |

| | | |
|---|---|---|
| | | Thurmond, Johnny McRight, Mary Werner, Glen East (Shannon, III-State Gov, Rex) filed by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Tom, Joshua) (Entered: 07/16/2025) |
| 07/20/2025 | 51 (p.696) | ORDER granting 11 (p.98) Motion for Temporary Restraining Order ONLY. This Court has not yet ruled on the Plaintiffs' Motion for a Preliminary Injunction. Signed by District Judge Henry T. Wingate on 7/20/2025 (nd) (Main Document 51 replaced on 7/23/2025) (ND). (Entered: 07/20/2025) |
| 07/20/2025 | | Set Hearings: Motions Hearing set for 7/23/2025 09:30 AM in Courtroom 6A (Jackson) Wingate before District Judge Henry T. Wingate. The Court will address the Plaintiffs' Motion for a Preliminary Injunction. The parties should also be prepared to argue all other motions currently pending before this Court. (nd) (Entered: 07/20/2025) |
| 07/21/2025 | 52 (p.711) | Unopposed MOTION to Continue *July 23 Preliminary Injunction Hearing* by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (McDuff, Robert) (Entered: 07/21/2025) |
| 07/21/2025 | 53 (p.715) | ORDER granting 52 (p.711) Unopposed Motion to Continue the July 23, 2025, Hearing. Signed by District Judge Henry T. Wingate on 7/21/2025 (nd) (Entered: 07/21/2025) |
| 07/21/2025 | | Reset Hearings: Motions Hearing set for 8/5/2025 09:30 AM in Courtroom 6A (Jackson) before District Judge Henry T. Wingate. The July 23, 2025, Hearing, accordingly, is canceled. (nd) (Entered: 07/21/2025) |
| 07/22/2025 | 54 (p.716) | Unopposed MOTION to Clarify 51 (p.696) Order on Motion for Preliminary Injunction , Unopposed MOTION to Amend/Correct 51 (p.696) Order on Motion for Preliminary Injunction by Amy Arrington, Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Shannon, III-State Gov, Rex) (Entered: 07/22/2025) |
| 07/23/2025 | 55 (p.723) | REPLY to Response to Motion re 39 (p.507) MOTION to Dismiss for Lack of Jurisdiction , 48 (p.674) Response in Opposition to Motion, filed by Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Glen East, Lance Evans, Lynn Fitch, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, John Pigott, Mike Pruitt, Candace Robins, Marcy Scoggins, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Shannon, III-State Gov, Rex) (Entered: 07/23/2025) |

| | | |
|---|---|---|
| 07/23/2025 | 56 (p.730) | Joinder in Document by Amy Arrington, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bruce Martin, Gee Ogletree, Hal Parker, Gregg Rader, Charlie Stephenson to 55 (p.723) Reply to Response to Motion,, filed by Billye Jean Stroud, Videt Carmichael, Matt Mayo, Candace Robins, Ben Morgan, Erin Meyer, Bubba Hudspeth, Matt Miller, Bill Jacobs, Marcy Scoggins, Jennifer Jackson Whittier, Jay Carney, Ronnie McGehee, Dianne Watson, Dolly Marascalco, John Pigott, Lance Evans, Sandra McKiernon, Lynn Fitch, Mike Pruitt, Donnie Caughman, Wendi Barrett, Will Symmes, Luke Montgomery, Cheryl Thurmond, Mary Werner, Glen East, Johnny McRight (Shannon, III-State Gov, Rex) (Entered: 07/23/2025) |
| 07/23/2025 | | TEXT ONLY ORDER granting 54 (p.716) Unopposed Motion to Amend/Correct. NO FURTHER WRITTEN ORDER SHALL FOLLOW. Signed by District Judge Henry T. Wingate on 7/23/2025 (nd) (Entered: 07/23/2025) |
| 07/24/2025 | 57 (p.733) | NOTICE of Appearance by Mohammed Amir Badat on behalf of Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Badat, Mohammed) (Entered: 07/24/2025) |
| 07/28/2025 | 58 (p.734) | MOTION to Clarify *Correct Docket and Preserve Record* by Amy Arrington, Wendi Barrett, Board of Trustees of State Institutions of Higher Learning, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Mississippi Charter School Authorizer Board, Mississippi Community College Board, Mississippi State Board of Education, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Attachments: # 1 (p.35) Exhibit A - July 20, 2025 ECF Notice and Original TRO Order, # 2 (p.71) Exhibit B - July 23, 2025 emails, # 3 (p.75) Exhibit C - First Amended TRO Order, # 4 (p.77) Exhibit D - Refiled First Amended TRO Order, # 5 (p.80) Exhibit E - July 23, 2025 Text Order, # 6 (p.81) Exhibit F - July 23, 2025 ECF Notice, # 7 (p.89) Exhibit G - Second Amended TRO Order)(Reppeto-State Gov, Lisa) (Entered: 07/28/2025) |
| 07/29/2025 | 59 (p.813) | MOTION for Richard P. Rouco to Appear Pro Hac Vice (Paid $100 PHV fee; receipt number AMSSDC-5744188) by United Campus Workers Southeast Local 3821 (Attachments: # 1 (p.35) Exhibit A - Certificate of Good Standing)(Tom, Joshua) (Entered: 07/29/2025) |
| 07/30/2025 | 60 (p.821) | First MOTION for Leave to File *Second Amended Complaint* by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Attachments: # 1 (p.35) Exhibit Proposed Second Amended Complaint)(Raney-Gray, McKenna) (Entered: 07/30/2025) |
| 08/01/2025 | 61 (p.872) | MOTION for Temporary Restraining Order *to Extend TRO* by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (McDuff, Robert) |

| | | (Entered: 08/01/2025) |
|---|---|---|
| 08/01/2025 | 62 (p.875) | RESPONSE in Opposition re 61 (p.872) MOTION for Temporary Restraining Order *to Extend TRO* filed by Amy Arrington, Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Shannon, III-State Gov, Rex) (Entered: 08/01/2025) |
| 08/01/2025 | 63 (p.878) | MEMORANDUM in Opposition re 39 (p.507) MOTION to Dismiss for Lack of Jurisdiction *Supplemental Memorandum* filed by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (McDuff, Robert) (Entered: 08/01/2025) |
| 08/01/2025 | 64 (p.883) | ORDER granting 61 (p.872) Plaintiffs' Motion to Extend Temporary Restraining Order. Signed by District Judge Henry T. Wingate on 8/1/2025 (nd) (Entered: 08/01/2025) |
| 08/01/2025 | 65 (p.884) | ORDER denying 58 (p.734) Motion to Clarify. Signed by District Judge Henry T. Wingate on 8/1/2025 (nd) (Entered: 08/01/2025) |
| 08/01/2025 | 66 (p.886) | Supplemental MOTION for Preliminary Injunction by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Attachments: # 1 (p.35) Exhibit Declaration of Ebony Rice, # 2 (p.71) Exhibit Declaration of Ashley Rogers, # 3 (p.75) Exhibit Declaration of Jakob Clark, # 4 (p.77) Exhibit Declaration of Joy Parikh, # 5 (p.80) Exhibit Declaration of UCW Member, # 6 (p.81) Exhibit Second Supp Declaration of James M. Thomas)(Badat, Mohammed) (Entered: 08/01/2025) |
| 08/04/2025 | | TEXT ONLY ORDER granting 59 (p.813) Motion to Appear Pro Hac Vice.. That Attorney, Richard P. Rouco, be admitted pro hac vice in this case on behalf of Plaintiff, United Campus Workers Southeast Local 3821, in association with local counsel conditioned upon completion of the registration procedures found on the Court's website and at the following link: https://www.mssd.uscourts.gov/attorney-admissions-page. NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. Signed by Magistrate Judge LaKeysha Greer Isaac on 8/4/25 (NL) (Entered: 08/04/2025) |
| 08/04/2025 | | (Court only) Attorney Richard P. Rouco - PHV for United Campus Workers Southeast Local 3821 added. (cwl) (Entered: 08/04/2025) |
| 08/05/2025 | 67 (p.916) | RESPONSE to Motion re 60 (p.821) First MOTION for Leave to File *Second Amended Complaint* filed by Amy Arrington, Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce |

| | | |
|---|---|---|
| | | Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Shannon, III-State Gov, Rex) (Entered: 08/05/2025) |
| 08/05/2025 | | Minute Entry for proceedings held before District Judge Henry T. Wingate: Evidentiary Hearing held on 8/5/2025. The Court heard witness testimony. The Court recessed this matter until Wednesday, August 6, 2025 at 9:00AM. APPEARANCES: Robert McDuff; Joshua Tom; McKenna Raney-Gray; Mohammed Badat; Nicolas Stanojevich; Ayanna Hill; Paloma Wu - Plaintiffs. Rex Shannon and Lisa Reppeto - Defendants. Court Reporter/Transcriber Candice Crane, Telephone Number : 601-608-4187, E-mail : candice_crane@mssd.uscourts.gov. (TDB) (Entered: 08/05/2025) |
| 08/05/2025 | 68 (p.919) | NOTICE *of Service* by Amy Arrington, Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Attachments: # 1 (p.35) Exhibit 1 - Defendants List of Facts and Authorities Requested by Court at Conclusion of Day 1 of Preliminary Injunction Hearing)(Shannon, III-State Gov, Rex) (Entered: 08/05/2025) |
| 08/06/2025 | 69 (p.927) | REPLY to Response to Motion re 11 (p.98) MOTION for Preliminary Injunction *and Temporary Restraining Order Supplemental Reply* filed by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (McDuff, Robert) (Entered: 08/06/2025) |
| 08/06/2025 | | Minute Entry for proceedings held before District Judge Henry T. Wingate: Evidentiary Hearing held on 8/6/2025. The Court heard closing arguments from the parties. APPEARANCES: Robert McDuff; Joshua Tom; Paloma Wu; McKenna Raney-Gray; Ayanna Hill - Plaintiffs. Rex Shannon and Lisa Reppeto - Defendants. Court Reporter/Transcriber Candice Crane, Telephone Number : 601-608-4187, E-mail : candice_crane@mssd.uscourts.gov. (TDB) (Entered: 08/06/2025) |
| 08/06/2025 | 70 (p.931) | Witness List - August 5, 2025 Evidentiary Hearing. (TDB) (Entered: 08/06/2025) |
| 08/12/2025 | 71 (p.1162) | NOTICE OF FILING OF OFFICIAL EVIDENTIARY HEARING TRANSCRIPT, VOLUME 1 OF 2, held on 08/05/2025 before Judge Henry T. Wingate. Court Reporter/Transcriber Candice Crane, Telephone Number : 601-608-4187, E-mail : candice_crane@mssd.uscourts.gov. <span style="color:red">NOTICE RE : REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no Notice is filed, the transcript will be made electronically available to the public without redaction after 90 calendar days. The policy is located on the court website at www.mssd.uscourts.gov.</span> Transcript may be viewed at the court public terminal or |

| | | |
|---|---|---|
| | | purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/2/2025. Redacted Transcript Deadline set for 9/12/2025. Release of Transcript Restriction set for 11/10/2025. (CC) (Entered: 08/12/2025) |
| 08/13/2025 | 72 (p.932) | NOTICE *Defendants' Proposed Findings of Fact and Conclusions of Law* by Amy Arrington, Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier (Reppeto-State Gov, Lisa) (Entered: 08/13/2025) |
| 08/13/2025 | 73 (p.957) | NOTICE *Plaintiffs' Proposed Findings of Fact and Conclusions of Law* by Karen Aderer, Alexis Cobbs, Madisyn Donley, Fostering LGBTQ+ Advocacy, Resources, Environments, L. E. Jibol, Mississippi Association of Educators, Barbara Phillips, James Thomas, United Campus Workers Southeast Local 3821, Women in Science and Engineering, Dawn Zimmerer (Tom, Joshua) (Entered: 08/13/2025) |
| 08/18/2025 | 74 (p.960) | ORDER granting Preliminary Injunction; and disposing of other motions as listed herein. Signed by District Judge Henry T. Wingate on 8/18/2025. (RWS) (Entered: 08/18/2025) |
| 08/19/2025 | 75 (p.982) | AMENDED COMPLAINT *Second Amended Complaint* against All Defendants, filed by Women in Science and Engineering, Dawn Zimmerer, Karen Aderer, United Campus Workers Southeast Local 3821, Madisyn Donley, Barbara Phillips, L. E. Jibol, Alexis Cobbs, Fostering LGBTQ+ Advocacy, Resources, Environments, James Thomas.(Raney-Gray, McKenna) (Entered: 08/19/2025) |
| 08/19/2025 | | (Court only) ***Party Joy Parikha, Greg Powell, Jakob Clark and Ashley Rogers added per 75 (p.982) Second Amended Complaint. (CO) Modified on 8/21/2025 (CO). (Entered: 08/21/2025) |
| 08/19/2025 | | (Court only) ***Party Jackson Federation of Teachers added per 75 (p.982) Second Amended Complaint. Party Mississippi Association of Educators terminated per Order 74 (p.960) granting 45 (p.631) Motion to Withdraw. (CO) Modified on 8/21/2025 (CO). (Entered: 08/21/2025) |
| 09/02/2025 | 76 (p.1028) | *Separate* ANSWER to 75 (p.982) Amended Complaint, by Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Glen East, Lance Evans, Lynn Fitch, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, John Pigott, Mike Pruitt, Candace Robins, Marcy Scoggins, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier.(Shannon, III-State Gov, Rex) (Entered: 09/02/2025) |
| 09/02/2025 | 77 (p.1053) | *Separate* ANSWER to 75 (p.982) Amended Complaint, by Amy Arrington, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bruce Martin, Gee Ogletree, Hal Parker, Gregg Rader, Charlie Stephenson.(Shannon, III-State Gov, Rex) (Entered: 09/02/2025) |
| 09/16/2025 | 78 (p.1078) | NOTICE OF APPEAL as to 74 (p.960) Order on Motion for TRO, Order on Motion to Dismiss/Lack of Jurisdiction,, Order on Motion to Withdraw, Order on Motion to |

| | | |
|---|---|---|
| | | Clarify, Order on Motion for Leave to File, Order on Motion for Preliminary Injunction by Amy Arrington, Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier. Filing fee $ 605, receipt number AMSSDC-5783976. (Shannon, III-State Gov, Rex) (Entered: 09/16/2025) |
| 09/22/2025 | 79 (p.1081) | USCA Case Number 25-60496 for 78 (p.1078) Notice of Appeal,,, filed by Billye Jean Stroud, Videt Carmichael, Matt Mayo, Candace Robins, Erin Meyer, Gregg Rader, Bubba Hudspeth, Marcy Scoggins, Jennifer Jackson Whittier, John Pigott, Lynn Fitch, Charlie Stephenson, Mike Pruitt, Wendi Barrett, Luke Montgomery, Amy Arrington, Bruce Martin, Glen East, Ben Morgan, Jimmy Heidelberg, Gee Ogletree, Donald Clark, Jr., Matt Miller, Steven Cunningham, Bill Jacobs, Teresa Hubbard, Jay Carney, Ronnie McGehee, Ormella Cummings, Dolly Marascalco, Dianne Watson, Lance Evans, Sandra McKiernon, Jerry L. Griffith, Hal Parker, Donnie Caughman, Will Symmes, Cheryl Thurmond, Johnny McRight, Mary Werner. (cwl) (Entered: 09/22/2025) |
| 09/22/2025 | 80 (p.1085) | TRANSCRIPT REQUEST by Amy Arrington, Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier for proceedings held on 6/24/25 before Judge Wingate. (Shannon, III-State Gov, Rex) (Entered: 09/22/2025) |
| 09/22/2025 | 81 (p.1087) | TRANSCRIPT REQUEST by Amy Arrington, Wendi Barrett, Videt Carmichael, Jay Carney, Donnie Caughman, Donald Clark, Jr, Ormella Cummings, Steven Cunningham, Glen East, Lance Evans, Lynn Fitch, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bubba Hudspeth, Bill Jacobs, Dolly Marascalco, Bruce Martin, Matt Mayo, Ronnie McGehee, Sandra McKiernon, Johnny McRight, Erin Meyer, Matt Miller, Luke Montgomery, Ben Morgan, Gee Ogletree, Hal Parker, John Pigott, Mike Pruitt, Gregg Rader, Candace Robins, Marcy Scoggins, Charlie Stephenson, Billye Jean Stroud, Will Symmes, Cheryl Thurmond, Dianne Watson, Mary Werner, Jennifer Jackson Whittier for proceedings held on 8/5/25, 8/6/25 before Judge Wingate. (Shannon, III-State Gov, Rex) (Entered: 09/22/2025) |
| 10/09/2025 | 82 (p.1337) | NOTICE OF FILING OF OFFICIAL EVIDENTIARY HEARING TRANSCRIPT, VOLUME 2 OF 2, for dates of 08/06/2025 before Judge Henry T. Wingate, re 78 (p.1078) Notice of Appeal,,, Court Reporter/Transcriber Candice Crane, Telephone Number : 601-608-4187, E-mail : candice_crane@mssd.uscourts.gov. NOTICE RE : REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no Notice is filed, the transcript will be made electronically available to the public without redaction after 90 calendar days. The policy is located on the court website at www.mssd.uscourts.gov. Transcript may be viewed at the court public terminal or |

| | | |
|---|---|---|
| | | purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/30/2025. Redacted Transcript Deadline set for 11/10/2025. Release of Transcript Restriction set for 1/7/2026. (CC) (Entered: 10/09/2025) |
| 10/18/2025 | 83 (p.1089) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT OF HEARING ON MOTION FOR TRO, for dates of 6/24/2025 before Judge Henry T. Wingate, re 78 (p.1078) Notice of Appeal,,, Court Reporter/Transcriber Teri Norton, Telephone Number : 601-608-4186, E-mail : teri_norton@mssd.uscourts.gov. <span style="color:red">NOTICE RE : REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no Notice is filed, the transcript will be made electronically available to the public without redaction after 90 calendar days. The policy is located on the court website at www.mssd.uscourts.gov.</span> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/10/2025. Redacted Transcript Deadline set for 11/18/2025. Release of Transcript Restriction set for 1/16/2026. (TN) (Entered: 10/18/2025) |

# TAB
# 2

Notice of Appeal

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JACKSON FEDERATION OF
TEACHERS,  ET AL.**                                                                           **PLAINTIFFS**

**VS.**                                              **CIVIL ACTION NO. 3:25-cv-00417-HTW-LGI**

**LYNN FITCH, in her official capacity as
Attorney General of Mississippi, ET AL.**                             **DEFENDANTS**

---

### NOTICE OF APPEAL

---

The defendants hereby appeal to the United States Court of Appeals for the Fifth Circuit from the entirety of the *Order* [ECF #74] entered on August 18, 2025, in which the District Court granted a preliminary injunction in favor of the plaintiffs in the above-styled and numbered cause, including all related orders on which the District Court's aforementioned *Order* [ECF #74] relied and/or which it incorporated, encompassed, or embraced, *viz.*, ECF #51, ECF #64, and ECF #65. This appeal is taken pursuant to 28 U.S.C. § 1292(a)(1) within the time for appeal permitted by 28 U.S.C. § 2107(a) and FED. R. APP. P. 4(a)(1)(A).

THIS the 16th day of September, 2025.

Respectfully submitted,

LYNN FITCH, IN HER OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF MISSISSIPPI;
GEE OGLETREE, IN HIS OFFICIAL CAPACITY
AS PRESIDENT OF THE BOARD OF
TRUSTEES OF STATE INSTITUTIONS OF
HIGHER LEARNING; STEVEN CUNNINGHAM,
AMY ARRINGTON, DONALD CLARK, JR.,
ORMELLA CUMMINGS, JERRY L. GRIFFITH,
JIMMY HEIDELBERG, TERESA HUBBARD,
BRUCE MARTIN, HAL PARKER, GREGG
RADER, AND CHARLIE STEPHENSON, ALL

1

IN THEIR OFFICIAL CAPACITIES AS
MEMBERS OF THE BOARD OF TRUSTEES OF
STATE INSTITUTIONS OF HIGHER
LEARNING; JOHN PIGOTT, IN HIS OFFICIAL
CAPACITY AS CHAIR OF THE MISSISSIPPI
COMMUNITY COLLEGE BOARD; CHERYL
THURMOND, VIDET CARMICHAEL, DONNIE
CAUGHMAN, BUBBA HUDSPETH, DOLLY
MARASCALCO, JOHNNY MCRIGHT, LUKE
MONTGOMERY, WILL SYMMES, AND
DIANNE WATSON, ALL IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE
MISSISSIPPI COMMUNITY COLLEGE BOARD;
GLEN EAST, IN HIS OFFICIAL CAPACITY AS
CHAIR OF THE MISSISSIPPI STATE BOARD
OF EDUCATION; MATT MILLER, LANCE
EVANS, WENDI BARRETT, MATT MAYO,
BILL JACOBS, RONNIE MCGEHEE, MIKE
PRUITT, BILLYE JEAN STROUD, AND MARY
WERNER, ALL IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE
MISSISSIPPI STATE BOARD OF EDUCATION;
MARCY SCOGGINS, IN HER OFFICIAL
CAPACITY AS CHAIR OF THE MISSISSIPPI
CHARTER SCHOOL AUTHORIZER BOARD;
AND JAY CARNEY, SANDRA MCKIERNON,
ERIN MEYER, BEN MORGAN, CANDACE
ROBINS, AND JENNIFER JACKSON
WHITTIER, ALL IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE
MISSISSIPPI CHARTER SCHOOL
AUTHORIZER BOARD, DEFENDANTS

By:   LYNN FITCH, ATTORNEY GENERAL
      STATE OF MISSISSIPPI

By:   s/Rex M. Shannon III
      REX M. SHANNON III (MSB #102974)
      Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
LISA A. REPPETO (MSB #99978)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220

25-60496.1079

Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
lisa.reppeto@ago.ms.gov

ATTORNEYS FOR DEFENDANTS

<b><u>CERTIFICATE OF SERVICE</u></b>

  I, Rex M. Shannon III, Special Assistant Attorney General and attorney for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

  THIS the 16th day of September, 2025.

s/Rex M. Shannon III<br>REX M. SHANNON III

3

25-60496.1080

# TAB
## 3

Temporary Restraining Order

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

MISSISSIPPI ASSOCIATION OF EDUCATORS, et al.                PLAINTIFFS

v.                                            CIVIL ACTION NO. 3:25-cv-00417-HTW-LGI

BOARD OF TRUSTEES OF STATE
INSTITUTIONS OF HIGHER LEARNING, et al.                DEFENDANTS

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

BEFORE THIS COURT is the Plaintiffs'[1] Joint Motion [ECF #11] seeking both a

Temporary Restraining Order (TRO) and a Preliminary Injunction to enjoin the enforcement of

various provisions of House Bill 1193 ("HB 1193"). This Order addresses only the Plaintiffs'

request for a TRO, a request emphasized during a hearing held on June 24, 2025. At that hearing,

this Court did not receive any live testimony or conduct an evidentiary examination; rather, this

Court heard arguments limited to counsels' presentations and the existing written record,

consistent with the nature of a TRO proceeding.

---

[1] The Amended Complaint names the following Plaintiffs:
  1. **Mississippi Association of Educators ("MAE")**
  2. **Barbara Phillips** – Adjunct Professor of Law at the University of Mississippi School of Law
  3. **James Thomas** – Associate Professor of Sociology at the University of Mississippi
  4. **Dawn Zimmerer** – Administrative Librarian at Hinds Community College
  5. **L.E. JiBol** – Parent of two public school students in Jackson Public Schools
  6. **United Campus Workers Southeast Local 3821 ("UCW")** – A union representing faculty, graduate students, and staff
  7. **Madisyn Donley** – Third-year law student at the University of Mississippi School of Law
  8. **Alexis Cobbs** – Third-year law student at the University of Mississippi School of Law
  9. **Karen Aderer** – Lecturer in Social Work at the University of Southern Mississippi
  10. **Fostering LGBTQ+ Advocacy, Resources, Environments ("FLARE")** – Student group at Mississippi State University
  11. **Women in Science and Engineering ("WISE")** – Student group at the University of Southern Mississippi

1

The defendants herein are:  the Board of Trustees of State Institutions of Higher Learning ("IHL"); Mississippi Community College Board; the Mississippi State Board of Education ("State Board of Education"); and the Mississippi Charter School Authorizer Board.

A TRO is an emergency, short-term measure designed to preserve the status quo until a comprehensive hearing can be held. See *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (TROs serve to maintain the status quo until the court can hold a hearing on a preliminary injunction); *Atchison, Topeka & Santa Fe Ry. Co. v. Lennen*, 640 F.2d 255, 259 (10th Cir. 1981).

A Preliminary Injunction, by contrast, is a longer-term remedy designed to prevent irreparable harm during the pendency of litigation. See *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (the purpose of a preliminary injunction is to prevent irreparable harm before the court can rule on the merits). While the TRO requires only a showing of immediate need for temporary relief, a preliminary injunction typically follows an adversarial hearing with fuller briefing and factual development.

Courts often analyze the two requests together when filed simultaneously, as the legal tests for both a TRO and Preliminary Injunction are similar. Plaintiffs must show, by a preponderance of the evidence: a substantial showing of likelihood of success; a likelihood of irreparable harm if the injunction is not granted; a balance of hardships favoring the moving party; and that the injunction serves the public interest. See *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 626 (5th Cir. 1996) (courts evaluate both TRO and preliminary injunction using the same four-prong test).

The procedural posture for each, however, differs. See, e.g., *Cousins v. School Bd. of City of Norfolk*, 503 F.2d 422, 426–27 (4th Cir. 1974) (discussing interplay between TRO and

2

preliminary injunction). The key procedural difference between a TRO and a Preliminary Injunction lies in the timing and process leading to the issuance of each. A TRO is typically granted on an emergency basis, sometimes without notice to the opposing party (*ex parte*), and often before the defendant has had an opportunity to respond. It is meant to preserve the status quo until a full hearing can be held. Because of its urgent nature, a TRO is short-lived and governed by stricter timing rules under Rule 65(b)[2] of the Federal Rules of Civil Procedure.

A Preliminary Injunction, on the other hand, comes only after notice to the opposing party and typically after a comprehensive evidentiary hearing. The parties can submit fuller briefing, offer witness testimony, and present robust legal arguments. As a result, the Preliminary Injunction carries more weight and lasts longer remaining in effect until the court enters a final judgment on the merits or dissolves the injunction. See *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasized the standards of review applicable to TROs and Preliminary Injunctions); *PCI Transp. Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (addressing appellate standards when a TRO blends into a Preliminary Injunction ruling). See *Texas v. United States*, 809 F.3d 134, 150–55 (5th Cir. 2015) (affirming nationwide preliminary injunction following earlier TRO). **This Court's ruling today is limited to the TRO request. Regardless of the outcome here, the parties have announced they will return before this Court for a full evidentiary hearing on the Motion for Preliminary Injunction.**

---

[2] Rule 65(b)(1) of the Federal Rules of Civil Procedure allows a court to issue a temporary restraining order without notice to the opposing party only when "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result ... before the adverse party can be heard in opposition," and when "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).

25-60496.698

As mentioned above, Plaintiff's request a TRO to enjoin enforcement of only certain provisions of HB 1193 codified April 17, 2025. These provisions, say Plaintiffs, violate the First[3] and Fourteenth[4] Amendments to the United States Constitution. Having reviewed the briefing, amended complaint, the law, and the record, this Court grants the requested temporary restraining order for the reasons set forth below.

## I.     BACKGROUND

HB 1193 imposes sweeping restrictions on Mississippi public institutions of education, prohibiting speech and programming related to so-called "divisive concepts." Plaintiffs challenge the following provisions:

- **Section 3(b)**: Bans engagement with "divisive concepts" as defined in Sections 2(d) and 2(e);

- **Section 3(f)**: Prohibits maintenance of programs that promote diversity, equity, inclusion ("DEI"), or endorse concepts such as gender identity and gender theory;

- **Section 3(g)**: Prohibits requiring any DEI training as a condition of enrollment, employment, or contracting;

- **Section 3(i)**: Prohibits any required activity that increases "awareness or understanding of issues related to race, sex, color, gender identity, sexual orientation or national origin."

The statute threatens withdrawal of all state funding after two violations (Section 8) and requires institutions to implement complaint and investigative mechanisms (Section 7).

---

[3] The First Amendment provides, in relevant part, that "Congress shall make no law ... abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble." U.S. Const. amend. I

[4] The Fourteenth Amendment provides that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

4

25-60496.699

Plaintiffs include faculty, students, a librarian, student organizations, and the parent of public school children[5], who all allege imminent constitutional harm from these provisions.

## II.    JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. § 1331[6], as Plaintiffs raise constitutional claims under 42 U.S.C. § 1983[7]. Defendants argue that this Court lacks jurisdiction under the Eleventh Amendment[8] and Standing Doctrine[9]. At this preliminary stage, though, the Court finds that at least some claims fall within the exception to Eleventh Amendment immunity recognized in *Ex parte Young*, 209 U.S. 123 (1908), and that Plaintiffs have alleged sufficient imminent harm to satisfy Article III standing. See *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020).

### A.    Standing

To establish standing, a plaintiff must demonstrate: (1) an injury in fact that is concrete, particularized, and imminent; (2) that the injury is fairly traceable to the challenged conduct of the

---

[5] See footnote 1.

[6] Section 1331 provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331

[7] Section 1983 provides, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

[8] The Eleventh Amendment provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

[9] The Standing Doctrine dictates that a plaintiff must demonstrate (1) an injury in fact that is concrete, particularized, and imminent; (2) that the injury is fairly traceable to the challenged conduct of the defendant; and (3) that the injury is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

25-60496.700

defendant; and (3) that the injury is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Here, Plaintiffs include educators, students, student organizations, and a parent[10], all of whom allege direct harm from the enactment and expected enforcement of HB 1193. Faculty members attest that the law has chilled their classroom discussions and curtailed their ability to engage with students on matters of race, gender, and identity. Students and student groups claim that their programming and expressive activities have been disrupted or canceled in anticipation of institutional discipline. These "harms", say Plaintiffs, are not speculative harms; they are ongoing and directly tied to HB 1193's enforcement framework.

The First Amended Complaint contends that these harms are traceable to the conduct of the named state officials, who oversee the institutions subject to HB 1193 and are empowered to initiate investigations, enforce compliance, and recommend withdrawal of funding under the Act. Furthermore, the relief sought - temporary and permanent injunctions, say Plaintiffs, would redress the harm by halting the enforcement of the challenged provisions.

Accordingly, this Court concludes that Plaintiffs have Article III standing. See *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020) (holding that chilled speech caused by a credible threat of enforcement establishes standing in the First Amendment context).

### III.    LEGAL STANDARD

To obtain a temporary restraining order, Plaintiffs must demonstrate, by a preponderance of the evidence:

1. A substantial likelihood of success on the merits;

2. A substantial threat of irreparable injury absent the injunction;

---

[10] See footnote 1.

6

25-60496.701

3.  That the threatened injury outweighs any harm to Defendants;

4.  That the injunction will not disserve the public interest.

See *Big Tyme Invs., LLC v. Edwards*, 985 F.3d 456, 463 (5th Cir. 2021); *Clark v. Prichard*, 812

F.2d 991, 993 (5th Cir. 1987). The Fifth Circuit has held, though, that "none of the four

requirements has a fixed quantitative value; rather, a sliding scale is utilized, which takes into

account the intensity of each in a given calculus." See *Janvey v. Alguire*, 647 F.3d 585, 595 (5th

Cir. 2011).


## IV.   ANALYSIS

### A. Likelihood of Success on the Merits

Plaintiffs argue that HB 1193 imposes content- and viewpoint-based restrictions on

protected speech, violates the right of students to receive information, and is unconstitutionally

vague.

### 1. First Amendment (Academic Freedom and Viewpoint Discrimination)

The Supreme Court has long recognized the "transcendent value of speech in the university

setting." *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967). HB 1193's restrictions target

specific viewpoints allegedly disfavored by the State—e.g., affirmative action, gender identity,

collective responsibility—while permitting opposing viewpoints. This is the essence of

unconstitutional viewpoint discrimination. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515

U.S. 819, 829 (1995); *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 511 (1969).

The Fifth Circuit likewise has recognized that faculty and students retain First Amendment

protections. *Bazaar v. Fortune*, 476 F.2d 570, 574-75 (5th Cir. 1973); *In re Dinnan*, 661 F.2d 426,

430 (5th Cir. 1981).

7

### 2. Overbreadth and Vagueness

The statute prohibits the dissemination, endorsement, or engagement with "divisive concepts" and "gender identity". These terms are not given precise definitions within the statutory text, nor, according to Plaintiffs, do they have established legal meanings that would guide educators, administrators, or students in conforming their conduct.

For example, the law forbids the promotion of "divisive concepts" without clearly identifying what constitutes "promotion," or which views are considered "divisive." It bans programming that "increases awareness or understanding of race, sex, color, gender identity, sexual orientation, or national origin," which, say Plaintiffs, could encompass virtually all educational material in subjects such as history, sociology, gender studies, or literature. This, continue Plaintiffs, leaves institutional actors with no objective standards, fostering arbitrary enforcement and pervasive self-censorship. Such ambiguity, add Plaintiffs, not only deprives individuals of fair notice, but also empowers enforcers to apply the statute selectively. As the Supreme Court has made clear, "[A] law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits." *Giaccio v. Pennsylvania*, 382 U.S. 399, 402–03 (1966). The chilling effect is compounded in the academic context, where the fear of losing state funding compels institutions to over-correct in ways that suppress constitutionally protected speech censorship.

### 3. Strict Scrutiny and Lack of Narrow Tailoring

The application of strict scrutiny to laws that restrict speech is grounded in the principle that the government must not suppress ideas simply because they are controversial or unpopular. See *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382 (1992). Under this standard, the burden rests

8

squarely on the government to demonstrate both a compelling state interest and the narrow tailoring of the statute to that interest.

HB 1193 allegedly fails both prongs of this test. At this stage, the government has not advanced any interest of the highest order. Claims of ensuring ideological neutrality or avoiding divisiveness are not sufficient to justify suppressing protected speech. See *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967) ("The Nation's future depends upon leaders trained through wide exposure to that robust exchange of ideas which discovers truth out of a multitude of tongues."). In *Conant v. Walters*, 309 F.3d 629, 637–38 (9th Cir. 2002), the court emphasized that preserving the integrity of government messaging was not enough to silence individual speakers or programs.

Secondly, even if the State argues and comes forth with compelling interests, the State further must show that HB 1193's prohibitions are narrowly tailored. The Act, accuse Plaintiffs, is riddled with vague terminology and sweeping mandates that fail to distinguish between permissible instruction and alleged indoctrination. Terms like "divisive concepts" are undefined, granting enforcers unbounded discretion. See *Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972) (laws must give people of ordinary intelligence a reasonable opportunity to know what is prohibited).

The law's enforcement mechanism—withdrawal of funds, dissolution of student organizations, and employment consequences—exacerbates its chilling effect, emphasize Plaintiffs. The Supreme Court repeatedly has held that the government may not condition access to public benefits on the relinquishment of constitutional rights. See *Perry v. Sindermann*, 408 U.S. 593, 597 (1972).

9

In sum, rounding out their antagonism to the law, Plaintiffs declare that HB 1193 seemingly reflects neither precision nor restraint. Thus, in a metaphor of Plaintiff's position, it appears to be a legislative sledgehammer deployed where a scalpel might have sufficed and, seemingly, cannot survive in its blatantly offensive posture the constitutional scrutiny that applies to content-based restrictions on speech.

Accordingly, Plaintiffs say they have shown a substantial likelihood of success.

### B.  Irreparable Harm

Deprivation of First Amendment rights—even for minimal periods of time—constitutes irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). The First Amended Complaint illustrates, say Plaintiffs, concrete, ongoing injuries that go beyond abstract fears.. Student organizations including LGBTQ+ and Black student unions have had programming curtailed out of concern for institutional sanction.

Though HB 1193 became law in April 2025, the confusion it has caused is not static; it is compounding. Institutions have spent the intervening months attempting to interpret and implement the statute, often erring on the side of caution by canceling or defunding programming that arguably falls within its prohibitions. This prolonged period of uncertainty has deepened the chilling effect. As the statute's enforcement provisions—particularly the threat of funding withdrawal after two violations—have become more imminent, the pace and breadth of programmatic shutdowns have accelerated. The impact is not hypothetical.

This Court finds that each day the statute remains unclarified, undefined, and under a threat of open interpretation, exacerbates the suppression of protected speech. In the Fifth Circuit, as elsewhere, such injuries are presumed irreparable and weigh heavily in favor of preliminary relief.

10

### C.  Balance of Harms

The balance of equities tilts in Plaintiffs' favor. Plaintiffs may face immediate and serious injuries: silencing of classroom speech, the curtailment of expressive activities by registered student organizations, and punitive consequences for faculty and students who engage in possibly protected expression.

In contrast, under a TRO, Defendants face only a temporary pause in enforcement of provisions that raise serious constitutional questions. This is not an injunction against the entire statutory scheme, but a focused restraint against those sections that may impinge on constitutionally protected activity. Moreover, Defendants' interest in enforcing the law cannot outweigh Plaintiffs' right to be free from unconstitutional censorship. *See Legend Night Club v. Miller*, 637 F.3d 291, 303 (4th Cir. 2011) (state suffers no harm from an injunction that prevents enforcement of an unconstitutional statute).

Plaintiffs submitted multiple affidavits outlining the challenged harms already underway and the claimed imminent injury that will follow continued enforcement of HB 1193. For example:

- **Ryan Langley**, President of "Fostering LGBTQ+ Advocacy, Resources, and Environments (FLARE)" at Mississippi State University, describes how administrators cited HB 1193 to remove FLARE from its diversity center home, cut its funding stream, and restructure the organization to prevent potential violations of the Act. Langley attests

11

25-60496.706

that FLARE members are censoring their own speech out of fear of punishment and have canceled or altered programming[11].

- **Elizabeth Dawn Zimmerer**, a librarian at Hinds Community College, attests that provisions of HB 1193 already have chilled her ability to curate library content and book displays. She is uncertain whether promoting material for events like Black History Month or recommending titles related to race, gender, or identity violates the Act. Zimmerer fears job consequences and disciplinary action merely for performing core duties[12].

The submitted affidavits seek to establish that HB 1193's allegedly vague and punitive provisions have triggered immediate harm in the form of lost funding, as well as disrupting programming, silencing speech, and altering institutional structure. These do not sound in speculative injuries; but possibly direct and ongoing consequences of the Act's enforcement. Additional affidavits reinforce this conclusion:

- The Organization **Women in Science and Engineering** declares that due to the vague and unclear language of the law, it is unable to determine "what it can and cannot do in the future" and has suspended its annual fundraising efforts for its Fall women's conference, due to the uncertainty regarding the possibility of hosting such a conference[13].

- **Clifford Boler**, a former graduate student affiliated with the University of Southern Mississippi (USM) attests that he discontinued his graduate studies in library and

---

[11] Declaration of Ryan Langley, President of Fostering LGBTQ+ Advocacy, Resources, and Environments (FLARE) at Mississippi State University, Doc. 11-11.

[12] Declaration of Elizabeth Dawn Zimmerer, Hinds Community College Librarian, Doc. 11-12.

[13] Declaration of Brandy Williams, Director of Student Development at Tougaloo College, Doc. 11-1.

25-60496.707

information sciences at USM because the language of HB 1193 conflicts with certain

ethical codes of the American Library Association.  This conflict, says Boler, led to his

unenrollment at USM, and his forthcoming application to enroll in a different

University's Library and Information Sciences program[14].

In this Court's eye, these accounts appear to reflect a broad, chilling effect across public

institutions and community organizations. The affidavits detail not only imminent harm, but a

possible widespread suppression of speech, programming, and institutional function. The

evidence, at this stage, demonstrates a clear and ongoing deprivation of constitutional rights in a

manner not compensable by money damages—thus warranting injunctive relief.

### D.    Public Interest

It is always in the public interest to prevent the violation of a party's constitutional rights.

*Tex. Democratic Party v. Abbott*, 961 F.3d 389, 411 (5th Cir. 2020); *Opulent Life Church v. City of*

*Holly Springs*, 697 F.3d 279, 298 (5th Cir. 2012). Taking Plaintiffs' proof of harm at this

preliminary stage as shown, the enforcement of HB 1193 threatens not only individual rights but

the very fabric of academic institutions that serve as incubators for ideas and discourse.

Universities are places where students learn to grapple with difficult concepts and instructors are

free to explore scholarly ideas. The public benefits from robust academic freedom and the cross-

pollination of diverse viewpoints. Suppressing constitutional speech through vague prohibitions

and the specter of financial retribution does not serve the public good—it undermines it. An

overbroad, constitutionally borderless law should be the target of a well-aimed injunction to

---

[14] Declaration of Clifford Boler, former University of Southern Mississippi graduate student, Doc. 11-8

25-60496.708

promote, rather than impair, the interests of Mississippi citizens, the integrity of its institutions, and the constitutional principles on which this republic stands.

### V.    CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for a Temporary Restraining Order is GRANTED. The State of Mississippi and the above-named Defendants are temporarily ENJOINED from enforcing Sections 3(b), 3(f), 3(g), and 3(i) of HB 1193 pending further order of this Court.

This Temporary Restraining Order shall remain in effect until this Court renders its ruling on the Plaintiffs' Motion for Preliminary Injunction, unless extended for good cause.

### VI.    FURTHER PROCEEDINGS

Since this Court's hearing on Plaintiffs' Motion for Temporary Restraining Order (TRO) on June 24, 2025, this Court has received from both sides supplemental filings that aim to amplify the factual record and legal arguments in this matter.

On June 30, 2025, Plaintiffs filed a stipulation of dismissal as to several institutional defendants, thereby dismissing the Board of Trustees of State Institutions of Higher Learning, the Mississippi Community College Board, the Mississippi State Board of Education, and the Mississippi Charter School Authorizer Board. [ECF No. 32].

Thereafter, on July 2, 2025, the remaining Non-IHL Defendants—along with Lynn Fitch, in her official capacity as Attorney General of Mississippi—filed a Motion to Dismiss the Amended Complaint for Lack of Jurisdiction [ECF No. 39]; a Response in Opposition to Plaintiffs' request for preliminary injunctive relief [ECF No. 42]; and five supporting declarations.

Plaintiffs submitted rebuttal briefs on July 11, 2025 [ECF No. 11] and July 16, 2025 [ECF Nos. 48, 49, 50], completing the briefing on the preliminary injunction motion.

14

As noted above, a TRO is an emergency, short-term remedy granted to preserve the status quo pending a fuller adversarial hearing. The June 24 hearing on the TRO proceeded without live witness testimony, consistent with that limited purpose. A TRO is not a final adjudication; it may be modified or withdrawn upon the issuance of a preliminary injunction, or after findings inconsistent with such at a judicial adjudication on the merits.

A preliminary injunction, by contrast, demands a more searching judicial inquiry, typically involving live testimony, cross-examination, and formal evidentiary findings. Looking backwards, at the June 24th hearing, and its submissions and arguments, this Court was persuaded that a TRO should issue. The above Order reflects as much. The parties now have moved this litigation beyond the TRO stage, when the Court reasoned that, on the abbreviated information it had at that stage, Plaintiffs' motion for a TRO had to be granted, and effectuated until the Court could hold a hearing on a preliminary injunction. See *Sierra Club v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993).

The Court now directs the parties to appear at a hearing on the Motion for a Preliminary Injunction on **Wednesday, July 23, 2025, at 9:30 A.M**. At that hearing, the Court expects to receive live testimony and conduct a more rigorous examination of the constitutional and jurisdictional issues raised. The parties should also be prepared to argue all other motions currently pending before this Court.

**SO ORDERED AND ADJUDGED this the  20th  day of July       , 2025.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**

15

# TAB
# 4

Preliminary-Injunction Order

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JACKSON FEDERATION OF
TEACHERS, et al.**[1]                                                **PLAINTIFFS**

**vs.**                                                **CAUSE No.: 3:25-CV-417-HTW-LGI**

**LYNN FITCH, et al.**                                                **DEFENDANTS**

---

### ORDER

---

This case presents a challenge to Mississippi House Bill 1193 ("HB 1193"), which itself takes aim at the presence of "diversity, equity and inclusion" ("DEI") initiatives and so-called "divisive concepts" in public schools in the State of Mississippi. Upon proof, this Court finds HB 1193 at odds with the First Amendment[2] (as applied to the States through the Fourteenth Amendment[3]) and the public interest of this State, and that its enforcement will cause irreparable

---

[1] For a complete description of the parties, *see infra* § II.

[2] U.S. Const. am. I:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

[3] U.S. Const. am. XIV states, in relevant part:

> … No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

> … The Congress shall have power to enforce, by appropriate legislation, the provisions of this article.

This suit sails under 42 U.S.C. § 1983, which states, in relevant part:

> Every person who, under color of any statute … of any State or Territory …, subjects, or causes to be subjected, any citizen of the

injury to the named plaintiffs and the classes they represent.  As such, class-wide and statewide, this Court hereby **grants** the challengers' request for, and so orders, a **preliminary injunction**, by which the defendants are enjoined from enforcing select sections of HB 1193, pending the final resolution of this matter.

## I.    HISTORY OF THE LITIGATION

This suit was filed by a set of plaintiff-challengers against a set of defendant-state-institutions in June 2025.  ECF No. 1.  The initial complaint sought injunctive and declaratory relief and made no intimation it purported to portend a class action.  *Id.*

After informing this Court it intended to do so, the plaintiff-challengers, within two weeks, made a motion for a Temporary Restraining Order ("TRO") and a preliminary injunction, appended with various evidentiary declarations.  The motion for TRO was filed to block the enforcement of certain provisions of HB 1193 pending a preliminary injunction hearing (and, later, trial).  ECF No. 11; *see also* ECF No. 13 (supplemental motion for a temporary restraining order).

The defendant-state-institutions moved to dismiss for a lack of subject-matter jurisdiction; specifically, this motion was based upon sovereign immunity[4] of the defendant-state-institutions, and lack of Article III standing[5] on the part of the plaintiff-challengers.  ECF No. 17.

---

United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

[4] U.S. Const. am. XI:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

[5] *See infra.*

25-60496.961

The plaintiff-challengers then filed a First Amended Complaint, as a matter of course, which, inter alia, altered the parties at issue, including a variety of named, defendant-state-officials. ECF No. 22. This First Amended Complaint supplanted the initial Complaint, mooting the defendant-state-institutions' motion to dismiss (ECF No. 17), which this Court, thus, now **DENIES**.

This Court, then, on June 24, held a motion hearing, with an eye towards the plaintiff-challengers' motion for a TRO. Despite this limited scope, the defense received notice, appeared through counsel, and had an opportunity to be heard.

The parties stipulated to the dismissal of the initial defendant-state-institutions, ECF No. 32; nonetheless, the defense filed a renewed motion to dismiss for want of jurisdiction, again bringing challenges based on standing and immunity. ECF No. 39. Magistrate Judge LaKeysha Greer Isaac stayed discovery in this matter on July 9, 2025. ECF No. 44. Certain defendants filed an answer on July 14, 2025. ECF No. 47.

On July 20, this Court entered a TRO, which it replaced with a revised, corrected version shortly thereafter, blocking the defense from enforcing certain challenged provisions of HB 1193. ECF No. 53. This Court extended same by fourteen days on August 1. ECF No. 64.

Meanwhile, the plaintiff-challengers moved again to amend their Complaint. ECF No. 60. Their proposed Second Amended Complaint seeks again to alter the parties, this time to add allegations to support a putative class action as to certain putative classes of plaintiff-challengers. ECF No. 60-1. The plaintiff-challengers also filed a Supplemental Motion For a Preliminary Injunction. ECF No. 66.

This Court held an evidentiary hearing on the Motion For a Preliminary Injunction. Defendants, again, had due notice, and were afforded a chance to be heard. The hearing began on

August 5 and continued into August 6. This Court heard argument from the parties. The plaintiff-challengers called three witnesses, who duly swore an oath and provided testimony:

- Dr. James Thomas (a plaintiff in this suit), a sociology professor at the University of Mississippi ("Ole Miss") and a father to two children who attend Mississippi public schools;

- Amy Coronado, a student pursuing a Ph.D. at the University of Southern Mississippi and the treasurer of Women in Science and Engineering (or "WiSE") (another plaintiff in this suit), a longstanding student organization; and

- Cliff Johnson, a clinical professor of law at Ole Miss's law school and the director of the MacArthur Justice Center tied to same.

The defense offered no testimony, conducted some limited cross-examination, and relied on their papers and arguments.

At the hearing, the defense announced and affirmed non-opposition as to two pending motions, which this Court finds well-taken and now **GRANTS**: the plaintiff-challengers' motion to file a Second Amended Complaint (ECF No. 60); and the Mississippi Association of Educators' Motion to Withdraw from the litigation (ECF No. 45). As such, the proposed Second Amended Complaint is now **the operative pleading**, and its parties are **the operative parties** (although the plaintiff-challengers still are instructed to refile the Second Amended Complaint as a new docket entry). As the defense conceded at the hearing, this necessitates the denial for mootness of the renewed Motion to Dismiss for want of jurisdiction (ECF No. 39), which this Court indeed so **DENIES**.

## II.　PARTIES

In view of the above, the parties now take the following form, pursuant to the Second Amended Complaint. The plaintiff-challengers are:

- Professors and educators, including the Jackson Federation of Teachers, United Campus Workers Southeast Local 3821, Barbara Phillips, James Thomas, Dawn Zimmerer, Greg Powell, and Karen Aderer;

- Some of the aforementioned parties as proposed representatives for a putative class of "All educators at postsecondary public educational institutions and K-12 public schools in Mississippi;"

- College-level students, including Fostering LGBTQ+ Advocacy Resources Environments, WiSE, Madisyn Donley, and Alexis Cobbs;

- The parents of K-12 students, including L.E. Jibol, Joy Parikh, Jakob Clark, and Ashley Rogers (as well as James Thomas and Greg Powell, again, in his capacity as a parent); and

- Some of the aforementioned parties as proposed representatives for a putative class of "All students and parents or guardians of minor students at postsecondary public educational institutions and K-12 public schools in Mississippi."

The defendants are, all in their official capacities:

- The Attorney General of Mississippi: Lynn Fitch;

- The President and Members, respectively, of the Board of Trustees of State Institutions of Higher Learning ("IHL"): Gee Ogletree and Steven Cunningham, Amy Arrington, Donald Clark, Jr., Ormella Cummings, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bruce Martin, Hal Parker, Gregg Rader, and Charlie Stephenson;

- The Chair and Members, respectively, of the Mississippi Community College Board: John Pigott and Cheryl Thurmond, Videt Carmichael, Donnie Caughman, Bubba Hudspeth, Dolly Marascalco, Johnny Mcright, Luke Montgomery, Will Symmes, and Dianne Watson;

- The Chair and Members, respectively, of the Mississippi State Board of Education: Glen East and Matt Miller, Lance Evans, Wendi Barrett, Matt Mayo, Bill Jacobs, Ronnie Mcgehee, Mike Pruitt, Billye Jean Stroud, and Mary Werner; and

- The Chair and Members, respectively, of the Mississippi Charter School Authorizer Board: Marcy Scoggins and Jay Carney, Sandra Mckiernon, Erin Meyer, Ben Morgan, Candace Robins, and Jennifer Jackson Whittier.

## III.    JURISDICTION

Federal courts, like this Court, are courts of limited jurisdiction. While the defense's prior challenges to jurisdiction have been mooted by superseding pleadings, this Court retains an unflagging obligation to assure itself of its jurisdiction in any case it hears.

25-60496.964

First, this Court examines whether it has **subject-matter jurisdiction** to hear this suit; and it does. As mentioned, this complaint sails under alleged violations of the First and Fourteenth Amendments to the United States Constitution, through the vehicle of Congress's proclamation in 42 U.S.C. § 1983. *See supra.* As such, this case provides this Court with so-called federal question jurisdiction.[6]

Second, this Court examines whether **sovereign immunity** bars suit against the defendants; and it does not. The defense previously argued that the Attorney General of Mississippi is insulated from suit due to the Eleventh Amendment's prohibitions on suits against States. The plaintiff-challengers countered that it is appropriate to sue the Attorney General, as a state official, here, because of *Ex parte Young* precepts permitting suit against a state attorney general under certain circumstances. 209 U.S. 123, 158 (1908). The defense replied that this doctrine is inapplicable, arguing that HB 1193 only gives the Attorney General discretionary enforcement authority. HB 1193 states the Attorney General "may" file an action to compel compliance with HB 1193. This Court generally could not control the exercise of such discretion absent some "duty" on the Attorney General's part. *See Mi Familia Vota v. Ogg*, 105 F.4th 313, 328 (5th Cir. 2024).

As the Supreme Court has reasoned, though, "[t]he general discretion regarding the enforcement of the laws when and as [a state official] deems appropriate is not interfered with by an injunction which restrains the state officer from taking any steps towards the enforcement of an unconstitutional enactment, to the injury of complainant." *Young*, 209 U.S. at 159. Here, HB 1193 grants authority to the Attorney General to enforce its allegedly unconstitutional provisions, and the record preponderates in favor of the conclusion that the Attorney General is sufficiently

---

[6] 28 U.S.C. § 1331:

> The district courts shall have original jurisdiction of all civil actions
> arising under the Constitution, laws, or treaties of the United States.

25-60496.965

connected to (and holds a demonstrated willingness to enforce) said provisions. *See Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 397–98 (5th Cir. 2025).

Third, this Court examines whether this matter satisfies the **justiciability** standards of Article III of the United States Constitution: that the plaintiff-challengers have standing to bring a challenge and seek a preliminary injunction, on a ripe issue, which is not moot, and which does not present a political question inappropriate for resolution by the judicial branch.[7] The challenge is ripe, given the passage of HB 1193 and the harms arising from threat of enforcement. The challenge is not moot because that threat persists, absent injunctive relief from this Court. Finally, this case does not present an improper political question because it deals with a state statute alleged to legislate beyond the limits on state power from the First and Fourteenth Amendments.

With respect to **standing**, specifically, the plaintiff-challengers must demonstrate: (1) that they suffered an injury in fact, which is concrete, particularized, and actual or imminent; (2) that the injury is fairly traceable to (causally connected to) the challenged conduct of the defendants; and (3) that a favorable decision likely would redress said injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The plaintiff-challengers have a low burden in establishing such standing at early, pre-discovery stages like this action's current posture. *Cf. id.* at 561. As this Court previously held, and hereby affirms, the standing elements are present here with respect to the plaintiff-challengers and their claims against the defendant-officials. *See* ECF No. 51 at 5–6. Indeed, the testimony this Court now has heard strengthens the idea that the imminent enforcement would cause teachers and students injury, which could be avoided by an injunction and other equitable judicial relief.

---

[7] U.S. Const. art. III, § 2, limits the judicial power to "Cases" and "Controversies." The United States Supreme Court has interpreted this to include the above-listed requirements.

25-60496.966

## IV.   HB 1193 AND ITS AIMS

The defense contends that HB 1193 arose in response to the United States Supreme Court's holding in *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, which prohibited educational institutions from practicing racially discriminatory admissions practices, 600 U.S. 181 (2023); and guidance from the executive branch which threatened federal funding to schools which engage in what the administration deems discriminatory conduct.

HB 1193 begins with a statement of purpose, stating:

> The purpose of this act is to prohibit public schools and public postsecondary educational institutions from taking certain actions and engaging in discriminatory practices. This act seeks to ensure that employment, academic opportunities and student engagement are based solely on individual merit, qualifications and academic performance, without consideration of an individual's race, sex, color, national origin, or expressed opposition to, or refusal to affirm or participate in, diversity, equity and inclusion.

To that end, the defense argues, in its submissions to this Court, HB 1193:

> … prohibit[s] educational institutions from conditioning employment, admission, or the award of a contract on compulsory training that focuses on "race, sex, color, gender identity, sexual orientation, or national origin." [citing Sections **2(d)**, **3(g)**, **3(i)**;]

> … prohibits any adverse action against an individual student, faculty member, employee, or contractor as a result of their opinions or beliefs regarding race, sex, color, gender identity, sexual orientation, or national origin [citing Sections **3(d)**, **3(e)**, **3(h)**;]

> … prohibits programs/positions/offices effectuating such discriminatory or adverse actions [citing Sections **3(a)**, **3(b)**, **3(c)**, **3(f)**; and]

> … provides a method for individuals to seek relief against a regulated institution in the event they are subjected to discriminatory adverse actions prohibited by H.B. 1193. [citing Sections **7–9**].

Plaintiff-challengers argue that they do not seek to challenge HB 1193's prohibitions on unlawful discrimination; rather, they take issue with some of its additional prohibitions, such as:

> … list[ing] the following as a prohibited action: "Engage in divisive concepts as defined in Section 2(d) and (e) of this act" [citing Section **3(b)**, those concepts being:]
>
> …
>
>> i.      One (1) race, sex, color, or national origin is inherently superior to another race or sex;
>>
>> ii.      An individual, by virtue of his or her race, sex, color, national origin, is inherently racist, sexist, or oppressive, whether consciously or unconsciously;
>>
>> iii.      An individual should be discriminated against or treated adversely solely because of [his or her] race, sex, color, or national origin;
>>
>> iv.      Members of one (1) race, one (1) sex, one (1) color, one (1) national origin cannot and should not attempt to treat others without respect to race, color, national origin or sex, gender identity, sexual orientation, or national origin;
>>
>> v.      An individual's moral character is necessarily determined by his or her race, color, sex, or national origin;
>>
>> vi.      An individual, by virtue of his or her race, color, sex or national origin, bears responsibility for actions committed in the past by other members of any class listed herein;
>>
>> vii.      An individual should feel discomfort, guilt, anguish or any other form of psychological distress on account of his or her race, color, sex, or national origin;
>>
>> viii.      Meritocracy or traits such as hard work ethic are racist or sexist, or were created by a particular class to oppress another class.
>
> … stat[ing] that it is unlawful to: "Maintain any programs, including academic programs or courses, or offices that promote diversity, equity and inclusion, endorse divisive concepts or concepts promoting transgender ideology, gender-neutral pronouns, deconstruction of heteronormativity, gender theory, sexual privilege or any related formulation of these concepts"  [citing Section **3(f)**] [where]  [t]here is  no  definition  of  "promote,"  "endorse,"

25-60496.968

"transgender ideology, gender-neutral pronouns, deconstruction of heteronormativity, gender theory, sexual privilege," or "related formulation of those concepts[;]"

… prohibits "[r]equir[ing], as a condition of enrolling at, accepting employment with, or being awarded a contract at an institution, college or public school, or as a requirement of continuing enrollment, employment or contractual obligation at an institution, college or public school, any person to participate in diversity, equity and inclusion training" [citing Section **3(g)**; and]

… describe[ing] one of the prohibited actions as follows: "Require any 'diversity training' as defined in Section 2 or any other policies or procedures that result in any formal or informal education, seminars, workshops or institutional program that focus on increasing awareness or understanding of issues related to race, sex, color, gender identity, sexual orientation or national origin." [citing Section **3(i)**].

The defense points, in rebuttal, to Section 5, which contains certain "carve out" exceptions to the aforementioned law, which supposedly:

allow public institutions leeway to accommodate in-class instruction and comply with accreditation standards applicable to their particular institutions and curriculums. For example, … the Act "shall not be construed to apply to and/or prohibit . . . [s]cholarly research or a creative work by students, faculty, employee or staff at an institution, college, or the dissemination of that work . . ." [citing Section **5(b)**; and]… exempts actions taken to comply "with any applicable academic accreditation standards or requirements." [citing Section **5(j)**].

HB 1193 delegates to the IHL Board, the Mississippi Community College Board, the State Board of Education, the Mississippi Charter School Authorizer Board, and other bodies, tasks regarding developing complaint processes, investigative procedures, and other policies. Section **7(1)–(2)**. The act provides a wide variety of people who can act as complainants in blowing the whistle on violations of HB 1193. Section **7(3)–(5)**. Upon a finding of a violation, the violating institution must "cure all actions relating to the violation" within a 25-day window. Section **7(6)(b)**. Penalties for violating the act can include the withholding of state funds to those

25-60496.969

institutions until the violating entity "demonstrates full compliance with" HB 1193.  Section **8**.
The Attorney General of Mississippi may also file writs in courts to compel institutions to comply
with HB 1193 if an institution does not "cure" its "error" within a given period.  Section **9**.

### V.    HB 1193'S PASSAGE AND THE SUBSEQUENT ATTACK BY PLAINTIFFS

The Mississippi legislature passed HB 1193 in April 2025, during its 2025 legislative
session. Mississippi Governor Tate Reeves approved HB 1193, posthaste.   The plaintiff-
challengers brought this suit in June 2025, with the upcoming school year looming ahead.

### VI.    TRO'S AND THIS COURT'S GRANT OF SAME

A TRO is equitable relief: an emergency, short-term measure designed to preserve the
status quo until a comprehensive hearing can be held, in situations where its proponents can make
adequate showings on four different factors.  These factors are: (1) the plaintiffs' likelihood of
success on the merits; (2) irreparable harm absent the restraining order; (3) the balance of equities
and harms; (4) and the public interest.  *See* ECF No. 51 at 2–3.  Temporary restraining orders, are,
by their nature, temporary, typically lasting at most 28 days if extended by the court for good
cause.  *See* Fed. R. Civ. P. 65(b).

After viewing the briefs and evidentiary submissions, and after hearing argument, this
Court entered a TRO on July 20, 2025 (which it revised and corrected on July 23, 2025). This
Court enjoined the Defendants' enforcement of challenged portions of Section 3 of HB 1193.  Prior
to doing so, this Court weighed the aforementioned four principal factors that undergird a test for
temporary injunctive relief, and found such relief appropriate.  This Court thereafter promptly set
a date for the evidentiary hearing, at which it could hear from the parties as to whether a longer-
term pre-trial remedy would be appropriate.

25-60496.970

## VII.     DIFFERENCE BETWEEN A TRO AND A PRELIMINARY INJUNCTION

While a TRO, as described above, is an emergency, short-term measure, a preliminary injunction commands or enjoins some conduct by the parties during the pendency of the litigation, until a final decision on the merits actually is reached.  Because of this longer-term effect, a preliminary injunction may only be issued upon a greater degree of proof and process.

Specifically, the party adverse to the preliminary injunction must receive advance notice so that it may contravene the request for this relief.  Typically, courts are hesitant to grant preliminary injunctions without an adversarial, evidentiary hearing with a greater degree of development than the typical request for a temporary restraining order.  As such, this Court, after granting the TRO, held such an adversarial hearing, at which it heard arguments and witness testimony.

Like with a TRO, the Court must weigh four factors: (1) a substantial likelihood of success on the merits; (2) the irreparable injury to the movants if the injunction is denied; (3) whether the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 1998).  The movants, here the plaintiff-challengers, bear the burden of establishing these factors.

## VIII.     MAIN ARGUMENTS BY THE PLAINTIFFS

**Likelihood of Success on the Merits.**  Plaintiffs contend that the challenged provisions of HB 1193 are unconstitutionally vague under the Fourteenth Amendment by failing to provide notice to enable ordinary people to make sense of its prohibitions.  *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999).  Plaintiffs warn of the possibility of arbitrary enforcement flowing from this.  *Id.*

Characterizing HB 1193 as promulgating vague, content- and viewpoint-based restrictions, Plaintiffs warn of the chilling effect HB 1193 might have on First Amendment expression relating

25-60496.971

to public education. *Reno v. ACLU*, 521 U.S. 844, 871-72 (1997); *Howard Gault Co. v. Tex. Rural Legal Aid, Inc.*, 848 F.2d 544, 559 (5th Cir. 1988). This specificity requirement, say Plaintiffs, is especially critical in the educational context. *Keyishian v. Bd. of Regents*, 385 U.S. 589, 604 (1967); *Local 8027 v. Edelblut*, 2024 U.S. Dist. LEXIS 94052, at *50 (D.N.H. 2024). Plaintiffs presented extensive evidence that educators and students are unable to determine what speech is permissible and impermissible under each of the challenged provisions. Defendants, argue Plaintiffs, meanwhile have failed to submit any evidence or make any cognizable argument rebutting Plaintiffs' contentions that the challenged provisions are vague.

**Irreparable Harm.** Generally, Plaintiffs argue that any, even temporary losses of First Amendment freedoms constitute irreparable harms under prevailing precedent. *See Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981); *Elrod v. Burns*, 427 U.S. 347, 373-374 (1974). Plaintiffs argue that they, and the putative classes they represent, will be harmed in this way both via self-censoring and facing risk of discipline under the law. Plaintiffs worry that HB 1193 leaves open the possibility that educators and students could be disciplined for any alleged violations, including potential termination for the educators and expulsion for the students, under the vague provision calling for violations to be "cure[d]."

Looming especially large is the possibility that the institutions lose their funding under HB 1193's Section 8. James Thomas, one of the plaintiff-witnesses and declarants, was gravely concerned about this possibility, not only with respect to his own institution Ole Miss, but with respect to his particular job and department, as well as the schools his children attend.

**Balance of the Harms.** Plaintiffs argue that the balance of harms hangs firmly in their favor, reasoning that Defendants will suffer no harm from a preliminary injunction. Plaintiffs point to the proposition that any state "interest in enforcing the law. . . . yields when the law at

issue violates the Constitution." *Campaign for S. Equal. v. Bryant*, 64 F. Supp. 3d 906, 951 (S.D. Miss. 2014), *aff'd*, 791 F.3d 625 (5th Cir. 2015).  Plaintiffs contend that the stated aims of combatting discrimination would not be improperly halted because Plaintiffs challenge the enforcement of only specific sections of HB 1193 dealing with vague unconstitutional prohibitions.

Plaintiffs dismiss Defendants' contention that Mississippi schools will lose federal funding for failure to comply with Title VI and *Students for Fair Admissions Inc. v. Harvard*, 600 U.S. 181 (2023) should HB 1193 be enjoined.  Plaintiffs point out that this argument is highly speculative and that Defendants fail to provide a credible explanation for how an injunction against the challenged provisions would occasion such a violation, nor how it would lead to the withholding of federal funds.  Plaintiffs cite three other cases where courts have preliminarily enjoined the United States Department of Education's "Dear Colleague" letter[8] to which Defendants cite.  *See Nat'l Educ. Ass'n v. Dep't of Educ.*, No. 25-091, Dkt. 74 (D.N.H. Apr. 24, 2025); *NAACP v. Dep't of Educ.*, No. 25-1120, Dkt. 30 (D.D.C. Apr. 24, 2025); *Am. Fed'n of Tchrs. v. Dep't of Educ.*, No. 25-628, Dkt. 60 (D. Md. Apr. 24, 2025).

**Public Interest.**  Plaintiffs argue that an injunction will serve the public interest by preserving the status quo and eliminates confusion, uncertainty, and potential discipline that thousands of Mississippi public school educators, parents, and students could otherwise face while this case is pending. Furthermore, "the public interest [is] not disserved by an injunction preventing . . . implementation [of an unconstitutional statute.]" *Ingebretsen on Behalf of Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 280 (5th Cir. 1996).

---

[8] On February 14, 2025, the United States Department of Education's Acting Assistant Secretary for Civil Rights issued a "Dear Colleague letter" that set forth several requirements for schools receiving federal funding going forward.

## IX.    MAIN ARGUMENTS BY THE DEFENDANTS

**Likelihood of Success on the Merits.**  Defendants argue that Plaintiffs have not met their burden on likelihood of success on the merits with their vagueness theory by not meeting the showing supposedly required by *Moody v. NetChoice, LLC*,  603 U.S. 707, 723 (2024).  Under *Moody*, contend Defendants, Plaintiffs must establish the law's full set of applications, demonstrate which of the law's applications violate the Constitution, and demonstrate that the constitutionally impermissible applications are pervasive enough substantially to outweigh constitutional ones in order to succeed on a facial challenge.  Defendants argue that Plaintiffs' argument is undercut by "equivocation" by Plaintiffs as to how the law *could* be interpreted, thus, not meeting the high burden on a facial challenge.

Defendants also argue that this case does not implicate a cognizable First Amendment right because HB 1193 seeks to regulate only government speech, and the speech of public employees (such as educators) in their official capacity.  *See Garcetti v. Cebellos*, 547 U.S. 410, 411 (2006); *Williams v. Dallas Independent School Dist.*, 480 F. 3d 689, 691-92 (5th Cir. 2007) (citing *Pickering v. Bd. Of Educ.*, 591 U.S. 563, 568 (1968)).  Defendants concede that the Supreme Court intimated that concerns of "academic freedom" might require additional or alternative analysis, apart from the typical test for government employees' speech, but claims that the issue is insufficiently settled.

**Irreparable Harm / Balance of Harms / Public Interest.**  Defendants argue that they win on these points, adapting their likelihood of success arguments to contend that Plaintiffs can show no legally cognizable harm to their First Amendment rights.  On the other hand, Defendants argue that enjoining HB 1193, which they believe flowed from Title VI and *Students for Fair Admissions, Inc. v. Harvard*, and subsequent Executive Branch guidance, leaves the Mississippi

25-60496.974

public schools at a grave risk of losing their federal funding (which federal funding the Defendants' evidentiary submissions show is quite substantial).

Overall, Defendants contend that it is eminently clear that HB 1193 will not cause any of the particular harms Plaintiffs predict.  In fact, Defendants' counsel, in argument, dismissed the possibility that curriculums may need to avoid important historical and literary subjects dealing with issues of race as unlikely as the sun falling from the sky.

## X.   HOLDING

This Court opts to grant Plaintiffs' request for a preliminary injunction.  Plaintiffs have satisfied the required elements for such issuance and, most importantly, have convinced this Court that in the absence of a preliminary injunction, they could suffer irreparable harm.

### A.  Scope of Injunction

Defendants disagree with Plaintiffs as to what the **reach** of the injunction should be. Defendants want the injunction's prohibition to embrace only the named Plaintiffs herein; while Plaintiffs want said embrace to be broader, that is, statewide (to prevent the Defendants from enforcing the challenged provisions in all respects).  This Court sides with the Plaintiffs on this issue, disfavoring an injunction of limited geographical and personal capacity.  In this Court's eye, injunctions of this type should be all-or-nothing renditions.  *See Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2562–63 (2025) (holding that the proper scope of injunctive relief is that which is "necessary to provide complete relief to each plaintiff with standing to sue"); *id.* at 2567 (Kavanaugh, J., concurring) (noting that "plaintiffs who challenge the legality of a new federal statute or executive action and request preliminary injunctive relief may sometimes seek to proceed by class action under Federal Rule of Civil Procedure 23(b)(2) and ask a court to award preliminary classwide relief that may, for example, be statewide, regionwide, or even nationwide," so long as the district courts follow proper legal procedures in awarding such a remedy).

Defendants have declined to oppose Plaintiffs' second amendments to their complaint, which have added putative classes of plaintiffs (which classes this Court finds have standing as against the Defendants) embracing the teachers, professors, and students (both college students of-majority-age and through the parents of minor children) throughout the State of Mississippi. Something less than a statewide preliminary injunction would be insufficient to afford complete relief to these putative plaintiffs.

Even absent these class-action allegations, an injunction limited to the named plaintiffs would likewise be unsatisfying as to granting them complete relief: given the system- and institution-level rules and remedies throughout HB 1193; it would be impracticable, if not impossible, to carve out an injunction that is distinctly limited to the named plaintiffs. As an example, institutions may need to craft different classes, textbooks, and curricula to accommodate named Plaintiff teachers and students. Further, this Court finds that these named plaintiffs would, in great likelihood, be harmed and affected through HB 1193's enforcement to third-parties within the same state educational systems. For one example, Plaintiffs aptly point out that Plaintiff students would be deprived of the opportunity to interact with and learn from their fellow students at schools across the state, which is a significant part of education. Therefore, this Court's injunction shall control in a statewide fashion.

### B.  Reasoning for Injunction

This Court generally incorporates by reference its discussion and analysis in its TRO. That said, this Court finds it appropriate to add some additional discussion.

This Court generally agrees with Plaintiffs' view of the challenged portions of HB 1193. It is unconstitutionally vague, fails to treat speech in a viewpoint-neutral manner, and carries with it serious risks of terrible consequences with respect to the chilling of expression and academic freedom. This Court further finds Plaintiffs' witnesses credible and accepts their testimony with

25-60496.976

respect to the imminent dangers, uncertainty, and obvious difficulties in complying with the challenged portions of HB 1193 as presently enacted.  Meanwhile, this Court finds the dearth of evidence on the defense side of this issue telling, notwithstanding the Plaintiff's burden on this matter; and this Court is not particularly swayed by Defendants' legal arguments.

On the point of **irreparable harm**, specifically, this statute, HB 1193, seeks to regulate the actions and messaging of public bodies.  Its very wording proclaims as much—as it is aimed at controlling what the institutions (and their programs, trainings, and classes) "endorse" and "promote."  Defendants note that the Act does not, on its face, regulate or prohibit individual speech; rather, it aims to regulate the public institutions.  The regulations, though, almost assuredly would spill over to the public.  Defendants implicitly admit as much:

> As noted above, the Act does not, on its face, regulate or prohibit individual speech. Rather, it regulates public institutions. **To the extent the Plaintiffs may ultimately have a viable claim related to the Act, any such claim would theoretically arise from the actions of public schools regulated by the Act** who are not parties to this action

Defendants' proposed findings of fact and conclusions of law, pages 8–9 (emphasis added).

As Plaintiffs and their witnesses were quick to point out, there are myriad ways that HB 1193's purported regulation of the institutions themselves may cast a broad malaise of self-censorship that would necessarily trickle down to classroom instruction, teacher-student engagement with curriculum, and the ability of students to associate with respect to certain affinity or subject-matter groups.  For example, Amy Coronado feared that her student group, WiSE would not survive HB 1193.  James Thomas, speaking as a parent, explained why he thought even books on subjects on Greek mythology and *Of Mice and Men* could be considered divisive and violative of HB 1193 under its sweeping definitions.

Also, conspicuously present is the Act's promised impact on "academic freedom" under the First Amendment, a point of keen interest to educators, teachers, and students. Oral testimony by Plaintiffs before this Court focused on this query: under the Act, what is the boundary for academic classroom discussions that touch on issues of race, sex, etc.

One witness wondered whether that line would forbid discussion on historical civil rights issues and developments which shaped our nation, such as studies on Dr. Martin Luther King, Jr., the Ku Klux Klan, the Fourteenth Amendment, Juneteenth, etc.

Although Defendants wish this Court to narrow its gaze to the roles of affected persons— whether the speech is public versus private—this Court has delved deeper and looked at the contours of speech prohibition, causing this Court to visit the concept of academic freedom.

Tellingly, on this matter of academic freedom, Defendants are loudly noncommittal. Defendants acknowledge that whether the Fifth Circuit will ultimately adopt an allowance for this engraftment on First Amendment protection "remains unclear." Defendants' proposed findings of fact and conclusions of law, page 10. (Indeed, *Garcetti* excluded from its holdings regarding academic scholarship or classroom instruction, which may implicate additional constitutional interests. 547 U.S. at 425.)

Defendants' recognition, alone, at this time, preaches that an injunction should issue when a key consideration is yet undetermined. This Court should pause when faced with an unsettled area with such dire possible consequences. Plaintiffs point out *Kennedy v. Bremerton*, 597 U.S. 507 (2022), where the Supreme Court recently reaffirmed that "the First Amendment's protections extend to 'teachers and students,' *neither of whom* 'shed their constitutional rights to freedom of speech or expression at the schoolhouse gate.'" 597 U.S. 207, 527 (quoting *Tinker v. Des Moines Independent Community School Dist.*, 393 U.S. 503, 506 (1969)) (emphasis added).

Plaintiffs' vagueness argument, according to their testimony, has caused educators to tremble over their occupational futures and the continuation of their employment and, maybe, the fate of their institutions themselves. Defendants, at the hearing, did not quiet those fears, only offering that those "properly" interpreting the substance of the Act would not jeopardize their personal welfare, nor that of their careers, nor that of their institutions, but providing no written guidance capable of shielding them.

This Court also is not convinced that the exceptions in Section 5 should provide Plaintiffs any solace in this matter. These provisions, particularly the one discussing accreditation standards, raise more questions than they answer and provide little comfort to the educators and students staring down HB 1193's barrel.

Relative to the vagueness challenge, Defendants summarized their argument thusly:

> Plaintiffs did not present evidence to establish that no constitutional application of the challenged provisions of H.B. 1193 exists either in the hearing on August 5, 2025 or in their pre-hearing submissions. Similarly, Plaintiffs did not present evidence demonstrating the full set of applications, both constitutional and allegedly unconstitutional, of the Act's challenged provisions. More importantly, Plaintiffs did not present any evidence showing that any allegedly unconstitutional applications of the challenged provisions of the Act substantially outweigh the constitutional applications. Instead, the Plaintiffs simply assert confusion, but this testimony is internally inconsistent. On the one hand, the Plaintiffs' witnesses and declarants testified that they are unable to understand the meaning of certain provisions of H.B. 1193, while simultaneously asserting overwrought interpretations that would prevent any mention of historical events involving race, sex, and other general subjects.

Defendants' proposed findings of fact and conclusions of law, page 6.

Essentially, Defendants argue that Plaintiffs have not made the showing supposedly necessary under *Moody v. NetChoice*. This Court disagrees. Plaintiffs, through declarations, testimony, and logical argumentation, have identified many concrete examples of books, historical

concepts, subjects, student organizations, and even fields of study that are arguably on the chopping block should HB 1193's content-based restrictions be enforced. Plaintiffs affirmatively stated that they could think of no constitutional applications of the challenged provisions. Defendants, on the other hand, while they carry no burden, did not offer competent evidence and argument as to constitutional applications adequately to rebut Plaintiffs' showing.

HB 1193's vagueness causes this Court pause for another reason: HB 1193, if it lives down to the fears it has generated, has a mouthful of sharp teeth which could inflict deep bites. Defendants have reminded us that:

> The Trump Administration has made clear its intent to withhold federal funds from those who fail to comply with its interpretation of Title VI and *Students for Fair Admissions, Inc. v. Harvard*. For many Mississippi K-12 schools and community colleges, loss of federal funding would be as financially devastating as the loss of State funding.

*Id.* at 21–22 (citations omitted). Defendants cite, in their evidence, to examples of large portions of school budgets deriving from federal sources. *Id.* Defendants point out that the potential loss of federal education funding constitutes a substantial harm in the context of considering a request for preliminary injunction. *Id.* at 22 (citing *Carroll Indep. Sch. Dist. v. United States Dep't of Educ.*, 741 F. Supp. 3d 515, 526 (N.D. Tex. 2024)). Defendants thus argue that "the potential loss of federal funds and the impact that could have on Mississippi K-12 schools and community colleges is a real threat." *Id.*

This point, though, leans the Court in further favor of injunctive relief. The flaws in the Act remind this Court of the dire, possible penalties that could engulf Mississippi's educational institutions receiving federal funds if an unconstitutional act is enforced. This enforcement, then, not only could chill their First and Fourteenth Amendment rights, but also could deplete their financial subsistence.

25-60496.980

HB 1193, without more, at this point, must be enjoined.  Plaintiffs have shown this Court enough to warrant this relief.

### XI.     CONCLUSION

**IT IS THEREFORE ORDERED** that:

The named Defendants, as well as their officers, agents, servants, employees, and attorneys and other persons in active concert or participation with these individuals, who receive actual notice of this order, shall hereby be **PRELIMINARILY ENJOINED**, under Rule 65 of the Federal Rules of Civil Procedure, from enforcing Sections **3(b)**, **3(f)**, **3(g)**, and **3(i)** of HB 1193, and from taking any action in furtherance of the same sections under Sections **7**, **8**, and **9** of HB 1193, until an order is entered releasing this obligation, by this Court.

As such, Plaintiffs' motion for a preliminary injunction (ECF No. 11) and supplemental motion for preliminary injunction (ECF No. 66) are **GRANTED**.  Further: Plaintiffs' supplemental motion for a TRO is **DENIED** as moot.  Defendants' initial Motion to Dismiss for lack of jurisdiction (ECF No. 17) is **DENIED** as moot.  Defendants' renewed Motion to Dismiss (ECF No. 39) is **DENIED** as moot.  The Motion to Withdraw the Mississippi Association of Educators as a plaintiff (ECF No. 45) is **GRANTED** as unopposed.  Defendants' motion to clarify TRO (ECF No. 54) previously was **DENIED** and should be terminated from its pending status.  Plaintiffs' motion to file a second amended complaint (ECF No. 60) is **GRANTED** as unopposed.

The Clerk of Court is directed to **UNSTAY** this case such that it may proceed to discovery and further proceedings.  This Court informs the parties that this Court reserves its right to modify any of the findings herein, should this Court accept credible, future facts and applicable law.

**SO ORDERED AND ADJUDGED this the  18th  day of        August        , 2025.**

> **/s/ HENRY T. WINGATE**
> **UNITED STATES DISTRICT COURT JUDGE**

# TAB
# 5

Mississippi House Bill No. 1193 (2025)

MISSISSIPPI LEGISLATURE                    REGULAR SESSION 2025

By:  Representatives Hood, Powell, Burch,      To:  Judiciary A
Calvert, Keen, Tubb, Hale, Arnold

HOUSE BILL NO. 1193
(As Sent to Governor)

1     AN ACT TO PROHIBIT CERTAIN ACTIONS RELATED TO DIVERSITY,
2  EQUITY AND INCLUSION; TO DEFINE TERMS; TO REQUIRE THE BOARD OF
3  TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING, THE MISSISSIPPI
4  COMMUNITY COLLEGE BOARD, THE MISSISSIPPI STATE BOARD OF EDUCATION,
5  AND THE MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD TO ENSURE THAT
6  EACH INSTITUTION, COLLEGE, AND PUBLIC SCHOOL DOES NOT USE CERTAIN
7  FUNDS FOR CERTAIN PURPOSES; TO REQUIRE ALL PUBLIC SCHOOLS AND
8  PUBLIC POSTSECONDARY EDUCATION INSTITUTIONS TO TEACH, PROMOTE, AND
9  DISTRIBUTE INFORMATION BASED ON THE DEFINITIONS PROVIDED IN STATE
10  LAW; TO CREATE EXCEPTIONS; TO REQUIRE EACH INSTITUTION, COLLEGE,
11  OR PUBLIC SCHOOL TO SUBMIT A REPORT TO ITS GOVERNING BOARD BY JULY
12  30 OF EACH YEAR SUMMARIZING ALL REPORTED INCIDENTS AND
13  INVESTIGATIONS; TO REQUIRE EACH BOARD TO SUBMIT A REPORT OF
14  INCIDENTS AND INVESTIGATIONS TO THE LEGISLATURE BY OCTOBER 30 EACH
15  YEAR; AND FOR RELATED PURPOSES.

16     BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:

17     **SECTION 1.**  The purpose of this act is to prohibit public

18  schools and public postsecondary educational institutions from

19  taking certain actions and engaging in discriminatory practices.

20  This act seeks to ensure that employment, academic opportunities

21  and student engagement are based solely on individual merit,

22  qualifications and academic performance, without consideration of

23  an individual's race, sex, color, national origin, or expressed

24    opposition to, or refusal to affirm or participate in, diversity,
25    equity and inclusion.
26      **SECTION 2.**  (1)  As used in this act, the following terms
27    shall have the meanings ascribed herein unless the context clearly
28    requires otherwise:
29            (a)  "Diversity, equity and inclusion" shall mean:
30                 (i)  Any effort to select or influence the
31    composition of the faculty, staff, employee or student body by
32    favoring applicants based on race, sex, color or national origin;
33                 (ii)  Any effort to promote differential treatment
34    of or provide special benefits to individuals in employment or
35    admissions based on race, sex, color or national origin;
36                 (iii)  Any effort to promote or promulgate policies
37    and procedures designed or implemented to favor individuals based
38    on race, color or national origin, except as otherwise permitted
39    in state and federal law;
40                 (iv)  Any effort to require trainings, programming,
41    or activities designed and\or implemented to compel participants
42    to change their beliefs with reference to race, color, national
43    origin, gender identity or sexual orientation; and
44            (b)  "Diversity, equity and inclusion office" means an
45    office, division or other unit of an institution of higher
46    learning, community college or public school established for the
47    purpose of:

48          (i)   Promoting hiring decisions or employment
49  practices at the institution, college or public school that favor
50  individuals based on race, sex, color or national origin;

51          (ii)  Promoting differential treatment of or
52  providing special benefits to favor individuals in admissions and
53  hiring based on race, sex, color or national origin; or

54          (iii)  Promoting policies or procedures or
55  conducting trainings, programs, or activities designed or
56  implemented to favor individuals based on race, sex, color or
57  national origin, other than policies or procedures approved in
58  writing by the institution, college or public school's legal
59  counsel for the sole purpose of ensuring compliance with any
60  applicable formal final finding of the court.

61        (c) "Diversity statement" means a written statement or
62  essay that requires an individual to express their views or
63  commitment regarding issues related to race, sex, color, national
64  origin, gender identity, sexual orientation, or national origin.

65        (d) "Diversity training" means any formal or informal
66  education, seminars, workshops or institutional program that focus
67  on increasing awareness or understanding of issues related to
68  race, sex, color, gender identity, sexual orientation or national
69  origin.

70        (e) "Divisive concepts" are concepts that:

71          (i)  One (1) race, sex, color, or national origin
72  is inherently superior to another race or sex;

H. B. No. 1193     ‖‖‖‖‖‖‖‖‖‖‖‖     ~ OFFICIAL ~
25/HR31/R2069SG
PAGE 3 (GT\JAB)                                   25-60496.143

73              (ii)  An individual, by virtue of his or her race,
74  sex, color, national origin, is inherently racist, sexist, or
75  oppressive, whether consciously or unconsciously;

76              (iii)  An individual should be discriminated
77  against or treated adversely solely because of their race, sex,
78  color, or national origin;

79              (iv)  Members of one (1) race, one (1) sex, one (1)
80  color, one (1) national origin cannot and should not attempt to
81  treat others without respect to race, color, national origin or
82  sex, gender identity, sexual orientation, or national origin;

83              (v)  An individual's moral character is necessarily
84  determined by his or her race, color, sex, or national origin;

85              (vi)  An individual, by virtue of his or her race,
86  color, sex or national origin, bears responsibility for actions
87  committed in the past by other members of any class listed herein;

88              (vii)  An individual should feel discomfort, guilt,
89  anguish or any other form of psychological distress on account of
90  his or her race, color, sex, or national origin; or

91              (viii)  Meritocracy or traits such as hard work
92  ethic are racist or sexist, or were created by a particular class
93  to oppress another class.

94          (f)  "Public school" means an elementary or secondary
95  school governmental entity under the exercise and management of a
96  local school governing board, established to supervise one or more

97  public schools within its geographical limits pursuant to state

98  statutes. The term also includes:

99              (i)  Agricultural high schools;

100             (ii)  The Mississippi School for the Deaf and

101  Blind, under the governing authority of the State Board of

102  Education;

103             (iii)  The Mississippi School for the Arts, under

104  the governing authority of the State Board of Education;

105             (iv)  The Mississippi School for Mathematics and

106  Science, under the governing authority of the State Board of

107  Education; and

108             (v)  Public charter schools.

109       (g)  "Public postsecondary education institutions" means

110  any state-supported four-year college or university under the

111  purview of the Board of Trustees of the State Institutions of

112  Higher Learning and any two-year community or junior college under

113  the purview of the Mississippi Community College Board and the

114  boards of trustees of the community college district to which the

115  community or junior college is assigned.

116       (h)  "Board" or "boards" means either the Board of

117  Trustees of State Institutions of Higher Learning, the Mississippi

118  Community College Board, the Mississippi State Board of Education,

119  the Mississippi Charter School Authorizer Board, the local board

120  of education for a local school district, or the governing board

121  of a public charter school, or all of them, as applicable.

122          (i)  "Sex" has the definition given in Sections
123  1-3-83(3) and 41-141-3(a).
124          (j)  "Gender identity" reflects a fully internal and
125  subjective sense of self, disconnected from biological reality and
126  sex and existing on an infinite continuum, that does not provide a
127  meaningful basis for identification and cannot be recognized as a
128  replacement for sex.
129      **SECTION 3.**  The Board of Trustees of State Institutions of
130  Higher Learning, the Mississippi Community College Board, the
131  Mississippi State Board of Education and the Mississippi Charter
132  School Authorizer Board shall ensure that each institution,
133  college and public school, as applicable, shall not:
134          (a)  Establish or maintain a diversity, equity and
135  inclusion office as defined in subsection (1)(b) of this section;
136          (b)  Engage in divisive concepts as defined in Section
137  2(d) and (e) of this act;
138          (c)  Hire or assign faculty, staff or employee of the
139  institution, college or public school or contract with a third
140  party to perform the duties of a diversity, equity and inclusion
141  office;
142          (d)  Require, request, or consider diversity statements
143  or similar materials from job applicants as part of the hiring
144  process, contract renewal process, evaluation or promotion
145  process;

146          (e)  Give preference based on race, sex, color or
147   national origin to an applicant for employment, or when awarding a
148   contract at the institution, college or public school;

149          (f)  Maintain any programs, including academic programs
150   or courses, or offices that promote diversity, equity and
151   inclusion, endorse divisive concepts or concepts promoting
152   transgender ideology, gender-neutral pronouns, deconstruction of
153   heteronormativity, gender theory, sexual privilege or any related
154   formulation of these concepts;

155          (g)  Require, as a condition of enrolling at, accepting
156   employment with, or being awarded a contract at an institution,
157   college or public school, or as a requirement of continuing
158   enrollment, employment or contractual obligation at an
159   institution, college or public school, any person to participate
160   in diversity, equity and inclusion training;

161          (h)  Penalize or discriminate against a student,
162   employee, faculty, staff or contractor on the basis of his or her
163   refusal to support, believe, endorse, embrace, confess, act upon
164   or otherwise assent to a diversity, equity or inclusion concept as
165   set forth in this section; and

166          (i)  Require any "diversity training" as defined in
167   Section 2 or any other policies or procedures that result in any
168   formal or informal education, seminars, workshops or institutional
169   program that focus on increasing awareness or understanding of

170   issues related to race, sex, color, gender identity, sexual
171   orientation or national origin.

172       **SECTION 4.**  (1)  The State Department of Education, the Board
173   of Trustees of State Institutions of Higher Learning, the
174   Mississippi Community College Board and the Mississippi Charter
175   School Authorizer Board shall recognize, teach and establish
176   policies and curriculum in accordance with the definitions of the
177   terms "female," "male" and "sex" as provided in Section 1-3-85 and
178   Section 41-141-3(a).  Notwithstanding any other provision of law
179   to the contrary, the policies and curriculum authorized by this
180   subsection shall be adopted and approved as provided by law.

181       (2)  Nothing in this section may be construed to limit or
182   prohibit an institution, college or public school, or an employee,
183   faculty or staff of such, from submitting to a grantor or
184   accrediting body a statement that certifies compliance with
185   controlling state and federal antidiscrimination laws for purposes
186   of applying for a grant or from complying with the terms of
187   accreditation by an accrediting body.

188       **SECTION 5.**  This act may not be construed to apply to and/or
189   prohibit:

190           (a)  Programs for Military Veterans, students with
191   disabilities or students presently or formerly under a child
192   protective services order;

193          (b)   Scholarly research or a creative work by students,
194   faculty, employee or staff at an institution, college or public
195   school or the dissemination of that work;

196          (c)   An activity of a registered student organization,
197   guest speaker or performer at an institution, college or public
198   school as long as state funds are not used;

199          (d)   A policy to limit or restrict freedom of speech
200   pursuant to the First Amendment of the United State Constitution
201   or Section 13 of the Mississippi Constitution or academic course
202   instruction that undermines the duty of a public school, or public
203   postsecondary educational institution to protect academic course
204   instruction, intellectual diversity and true expression provided
205   that none of these protected tenets conflict with the act;

206          (e)   Data collection or reporting of demographic data by
207   a public school or public postsecondary educational institution;

208          (f)   Student recruitment;

209          (g)   Programs, campus activities or certifications for
210   compliance with state and federal laws or applicable court order;

211          (h)   An institution, college or public school from
212   requiring or taking action against a student, employee, faculty,
213   staff or contractor for failing to comply with federal or state
214   law;

215          (i)   Discussing pathological approaches or experience
216   with students with mental or physical disabilities; or

217          (j)  Prohibit a public school or public postsecondary
218   education institution from complying with any applicable academic
219   accreditation standards or requirements.
220          **SECTION 6.**  Beginning in 2026, by July 30 of each year, each
221   institution, college or public school shall submit to their
222   respective boards an annual report summarizing all formal
223   complaints and the dispositions of those investigations and
224   violations.  Any institution, college or public school that is not
225   in compliance with the requirements of this act at the time the
226   institution, college or public school files the required report
227   shall provide a written statement explaining its failure to
228   comply.  By October 30 of each year, the Board of Trustees of
229   State Institutions of Higher Learning, Mississippi Community
230   College Board, State Board of Education and Mississippi Charter
231   School Authorizer Board shall prepare a report that compiles the
232   reports from each institution, college and public school and makes
233   recommendations for any proposed changes to this act and submit it
234   to the Legislature.  The Legislature may call a representative of
235   the Board of Trustees of the State Institutions of Higher
236   Learning, Mississippi Community College Board, School Board of
237   Education and the Mississippi Charter School Authorizer Board to
238   testify before the standing legislative committees with primary
239   jurisdiction over higher education and education, as applicable,
240   at a public hearing of the committees regarding the boards'
241   compliance with this section.



242    **SECTION 7.**  (1)  Within ninety (90) days of the effective
243   date of this act, the Board of Trustees of State Institutions of
244   Higher Learning shall adopt a complaint process, investigative
245   procedures, and all other policies and procedures for
246   appropriately investigating violations of this act.

247    (2)  (a)  Within ninety (90) days of the effective date of
248   this act, the Mississippi Community College Board, the State Board
249   of Education in conjunction with Mississippi School Board
250   Association and the Mississippi Charter School Authorizer Board
251   shall adopt a model complaint process, investigative procedures
252   and all other policies and procedures for appropriately
253   investigating violations of this act.

254          (b)  Within ninety (90) days of adoption of model rules,
255   every local school board, governing board of a charter school, and
256   board of trustees for junior and community colleges shall adopt
257   policies and procedures for appropriately investigating violations
258   of this act.  The State Board of Education, as the governing board
259   for state-operated schools, shall adopt such rules for these
260   schools.

261    (3)  Any employee, faculty, staff or contractor, or student
262   who desires to assert a violation of this act shall file a formal
263   complaint within thirty (30) days of the alleged violation with:

264          (a)  The local school board of the school district in
265   which the violation occurred;

266         (b)  The governing board of the charter school in which
267  the violation occurred;

268         (c)  The State Board of Education for all state-operated
269  schools;

270         (d)  The board of trustees for the Community College in
271  which the violation occurred; or

272         (e)  The board of trustees of the state institutions of
273  higher learning for any state institution of higher learning under
274  its jurisdiction.

275   (4)  Any person under eighteen (18) years of age may bring an
276  action under this act through a parent, guardian or next friend
277  and may bring an action in his or her own name upon reaching the
278  age of eighteen (18) years.

279   (5)  A person filing a complaint with any board is limited to
280  any student enrolled at an institution, college or public school,
281  any faculty, employee or staff member of an institution, college
282  or public school, any contractor of an institution, college or
283  public school, or any parent, guardian or next friend of a minor
284  student who has allegedly been harmed by the institution, college
285  or public school's failure to comply with this act.

286   (6)  (a)  The respective board shall investigate the reported
287  violation or potential violation under the board's procedures as
288  established in this act and make a finding within thirty (30)
289  days. If the board does not find a violation of this act, they
290  shall issue a formal final finding. Such board shall report that

291  finding to the person making the complaint and to the institution,
292  college, or public school that is the subject of the
293  investigation.

294          (b)  If the board finds a violation of this act, the
295  public school or post-secondary institution shall have twenty-five
296  (25) days to cure all actions relating to the violation.  The
297  respective board shall issue a formal final finding to the
298  complainant detailing found violation and the curative response
299  within twenty-five (25) days of the formal notice.  Should the
300  error remain uncured beyond the twenty-five (25) day curative
301  period, the aggrieved party may file an application for injunctive
302  relief to compel the board to cure the error.

303      (7)  (a)  Anyone aggrieved by a formal final finding of the
304  governing board is entitled to judicial review thereof, as
305  hereinafter provided.

306          (b)  An appeal de novo may be filed by an aggrieved
307  party in the chancery court of the judicial district in which the
308  institution, college, public school or charter school is located,
309  by filing a complaint with the clerk of that court within thirty
310  (30) days of the receipt of the formal final finding of the board.

311          (c)  The scope of review of the chancery court in such
312  cases shall determine if a violation of this act has occurred.

313          (d)  The appropriate chancery court may award relief in
314  the form of an injunction and/or actual damages.

315          (e)  Any party aggrieved by action of the chancery court
316   may appeal to the Supreme Court in the manner provided by law.
317      **SECTION 8.**  (1)  In addition to all other remedies provided
318   under this act, if a public school or public postsecondary
319   educational institution is determined, through final adjudication
320   of the administrative procedures process and exhaustion of all
321   judicial appeals, to be in violation of any provision of this act,
322   the State of Mississippi shall withhold the disbursement of the
323   following state funds if not cured within thirty (30) days of a
324   formal final finding upon the occurrence of any second or
325   subsequent violations of this act:
326          (a)  For public schools, any and all state funds
327   appropriated by the Legislature for the operation and
328   administration of K-12 education, as determined by the
329   disbursement of the state share of the total student funding
330   formula funds to the local school district in violation;
331          (b)  For state-supported public two-year and four-year
332   postsecondary educational institutions in violation, any and all
333   funds appropriated by the Legislature for the use, benefit,
334   support and maintenance of such institutions, as disbursed by:
335               (i)  The Mississippi Community College Board and
336   the applicable local board of trustees for the respective
337   community and junior colleges; and
338               (ii)  The Board of Trustees of State Institutions
339   of Higher Learning for public universities.



340        (2)  Withholding of funds shall remain in effect until such
341    time that the violating entity demonstrates full compliance with
342    the provisions of this act, as certified by the appropriate
343    governing authority and affirmed by the Attorney General or a
344    court of competent jurisdiction.

345        (3)  The governing board responsible for disbursement of
346    state funds to any school district or postsecondary institution
347    shall promulgate policies, subject to the Mississippi
348    Administrative Procedures Law, to establish a uniform process for
349    the implementation, enforcement and reinstatement of state funds
350    in accordance with this section.

351        **SECTION 9.**  (1)  (a)  If any person, parent or guardian of a
352    minor making a complaint under this act is aggrieved by the action
353    or inaction of the respective board, he or she may notify the
354    Attorney General of a violation or potential violation of this act
355    by a state institution of higher learning, community or junior
356    college, public school or charter school by forwarding the
357    Attorney General the complaint filed with the respective board
358    along with the decision of the board and any supporting
359    documentation.

360            (b)  After receipt of such notification, the Attorney
361    General may file an application for a writ of mandamus in the
362    chancery court of competent jurisdiction for injunctive relief
363    compelling the state institution of higher learning, community or
364    junior college, public school board or charter school governing

365  board to comply with this act if such entity has failed to cure
366  the error with the thirty-day curative period.  For purposes of
367  this section, chancery court of competent jurisdiction means the
368  chancery court located in the judicial district in which the state
369  institution of higher learning, community or junior college,
370  public school or charter school is located.

371      (2)  The appropriate chancery court may award relief in
372  the form of an injunction and/or actual damages.  Any party
373  aggrieved by action of the chancery court may appeal to the
374  Supreme Court in the manner provided by law.

375      **SECTION 10.**  If any section, paragraph, sentence, clause,
376  phrase or any part of this act is declared to be unconstitutional
377  or void, or if for any reason is declared to be invalid or of no
378  effect, the remaining sections, paragraphs, sentences, clauses or
379  phrases or parts thereof shall be in no manner affected thereby
380  but shall remain in full force and effect.

381      **SECTION 11.**  This act shall take effect and be in force from
382  and after its passage.

H. B. No. 1193
25/HR31/R2069SG
PAGE 16 (GT\JAB)
~ OFFICIAL ~
ST:  Public K-12 and Postsecondary schools;
prohibit DEI statements and practices.
25-60496.156

## CERTIFICATE OF SERVICE

I, Justin L. Matheny, hereby certify that a true and correct copy of the foregoing record excerpts has been filed with the Clerk of Court using the Court's electronic filing system, which sent notification of such filing to all counsel of record.

Dated: January 12, 2026

<u>*s/ Justin L. Matheny*</u>
Justin L. Matheny
*Counsel for Defendants-Appellants*