

April 10, 2026

**VIA ELECTRONIC FILING SYSTEM**

Clerk of Court Lyle W. Cayce
United States Court of Appeals
Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:    Federal Rule of Appellate Procedure 28(j) Citation of Supplemental Authority—
       *Jackson Federation of Teachers v. Fitch*, No. 25-60496 (5th Cir.)

Dear Clerk Cayce,

*Chiles v. Salazar*, No. 24-539, 2026 WL 872307 (U.S. Mar. 31, 2026), reaffirms that viewpoint discriminatory laws are presumptively unconstitutional. *Chiles* involved a law banning "'conversion therapy,'" which forbids any "'treatment . . . that attempts . . . to change an individual's sexual orientation or gender identity' . . . as well any 'effor[t] to change behaviors or gender expressions or to eliminate or reduce sexual or romantic attraction or feelings toward individuals of the same sex' [but] . . . explicitly allows counselors to engage in 'practices' that provide '[a]cceptance, support, and understanding for the facilitation of an individual's . . . identity exploration and development' . . . [and] to provide '[a]ssistance to a person undergoing gender transition.'" *Id.* at *4 (citation modified).

The Supreme Court applied strict scrutiny to the law because it "prescrib[ed] what views [Plaintiff Chiles] may and may not express" and prohibited Chiles from "voic[ing] certain 'perspective[s]' the State disfavors." *Id.* at *9. As discussed at pp. 13–15 of Plaintiffs-Appellees' Brief, the challenged provisions here prescribe what views may and may not be expressed and prohibit certain perspectives on race, gender, sexual orientation and other topics in Mississippi's public schools.

"In this Nation, no official—'high or petty'—may command our tongues or silence our voices." *Id.* at *6 (quoting *West Virginia Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943)). "The Constitution does not protect the right of some to speak freely; it protects the right of all. It safeguards not only popular ideas; it secures, even and especially, the right to voice dissenting views." *Id.* at *9.



Indeed, "the First Amendment stands as a shield against any effort to enforce orthodoxy in thought or speech in this country. It reflects instead a judgment that every American possesses an inalienable right to think and speak freely, and a faith in the free marketplace of ideas as the best means for discovering truth." *Id.* at *13 (citing *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995)).

Sincerely,

| | |
|---|---|
| /s:/ Joshua Tom<br>JOSHUA TOM<br>MCKENNA RANEY<br>AYANNA HILL<br>BRENDAN HOPKINS<br>AMERICAN CIVIL LIBERTIES UNION<br>OF MISSISSIPPI FOUNDATION, INC.<br>P.O. Box 2242<br>Jackson, MS 39225<br>(601) 354-3408<br>jtom@aclu-ms.org<br><br>AMIR BADAT<br>BADAT LEGAL PLLC<br>P.O. Box 15<br>Tougaloo, MS 39174<br>(601) 462-9592<br>amir.badat@gmail.com | /s:/ Robert McDuff<br>ROBERT B. MCDUFF<br>PALOMA WU<br>MISSISSIPPI CENTER FOR JUSTICE<br>210 E. Capitol Street, Suite 1800<br>Jackson, MS 39201<br>(601) 259-8484<br>rmcduff@mscenterforjustice.org<br><br>RICHARD ROUCO<br>QUINN, CONNOR, WEAVER, DAVIES &<br>ROUCO LLP<br>2 20th Street North, Suite 930<br>Birmingham, AL 35203<br>(205) 870-9989<br>rrouco@qcwdr.com<br><br>*Counsel for Plaintiffs-Appellees* |