August 26, 2026

**VIA ELECTRONIC FILING SYSTEM**

Clerk of Court Lyle W. Cayce
United States Court of Appeals
Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: Federal Rule of Appellate Procedure 28(j) Citation of Supplemental Authorities - *Jackson Federation of Teachers v. Fitch*, No. 25-60496 (5th Cir.)

Pursuant to Fed. R. App. Proc. 28(j), I write regarding this Court's decision in *Merriott v. City of Bossier City,* 179 F.4th 393 (5th Cir. 2026) and the Eleventh Circuit's decision in *Pernell v. Fla. Bd. of Governors,* 181 F.4th 1135 (11th Cir. 2026).

This Court in *Merriott* held that the challenged terms in a city council policy — "personal," "impertinent," "slanderous," and "boisterous"—were unconstitutionally vague. The opinion quoted *Roy v. City of Monroe,* 950 F.3d 245, 252 (5th Cir. 2020) to the effect that a facial vagueness challenge will not be upheld if "it is clear what the ordinance as a whole prohibits or if the ordinance is surely valid in the vast majority of its intended applications." *Merriott*, 179 F. 4th at 407 (cleaned up). This indicates that a facial vagueness challenge *will* be upheld if the prohibition is not clear as a whole and is invalid in at least a substantial portion of its intended applications. This confirms the contention at pp. 38-41 of the Brief for Appellees Jackson Federation of Teachers, *et al.* (hereinafter "JFT Appellees"), that a facial vagueness claim does not require impermissible vagueness in all applications, particularly in a case involving constitutionally protected conduct.

In addressing the plaintiff's First Amendment claims and reversing the district court's dismissal of them, the Court in *Merriott* evaluated the challenged policy and "conclude[d] that [it] encompasses a substantial number of unconstitutional applications judged in relation to its plainly legitimate sweep." *Merriott*, 179 F. 4th at 406 (cleaned up). The district court had not conducted such a detailed evaluation. *See Merriott v. City of Bossier City*, No. 5:23-CV-1421,

2024 WL 4355409, at *8–9 (W.D. La. Aug. 30, 2024), report and recommendation adopted, 2024 WL 4361595 (W.D. La. Sep. 30, 2024). This Court's action supports the suggestion at p. 38 of the Brief for JFT Appellees that even if this case is remanded for a similar First Amendment facial review, this Court can determine whether the Plaintiffs are likely to prevail on the merits and, if so, leave the preliminary injunction in place.

The Eleventh Circuit in *Pernell* affirmed a preliminary injunction in a case brought by college professors and students against a Florida statute that prohibited any "training or instruction that espouses, promotes, advances, inculcates, or compels" public school students to believe any of eight concepts. These concepts are similar to the "divisive concepts" listed in Section 2(e) of the Mississippi statute in this case, but Section 3(b) of the Mississippi law goes beyond the Florida statute by prohibiting *any* "engage[ment]" with them whether compelled or not. The Eleventh Circuit held that the Florida prohibition violated the First Amendment. Although the district court decision in *Pernell* rested on both First Amendment and vagueness grounds, *Pernell v. Fla. Bd. of Governors*, 641 F. Supp. 3d 1218 (N.D. Fla. 2022), the Eleventh Circuit did not address the vagueness claim. 181 F.4th at 1164 n. 17.

Sincerely,


| | |
|---|---|
| /s:/ Joshua Tom<br>JOSHUA TOM<br>MCKENNA RANEY<br>AYANNA HILL<br>BRENDAN HOPKINS<br>AMERICAN CIVIL LIBERTIES UNION OF MISSISSIPPI FOUNDATION, INC.<br>P.O. Box 2242<br>Jackson, MS 39225<br>(601) 354-3408<br>jtom@aclu-ms.org<br><br>AMIR BADAT<br>BADAT LEGAL PLLC<br>P.O. Box 15<br>Tougaloo, MS 39174<br>(601) 462-9592<br>amir.badat@gmail.com | /s:/ Robert McDuff<br>ROBERT B. MCDUFF<br>PALOMA WU<br>MISSISSIPPI CENTER FOR JUSTICE<br>210 E. Capitol Street, Suite 1800<br>Jackson, MS 39201<br>(601) 259-8484<br>rmcduff@mscenterforjustice.org<br><br>RICHARD ROUCO<br>QUINN, CONNOR, WEAVER, DAVIES & ROUCO LLP<br>2 20th Street North, Suite 930<br>Birmingham, AL 35203<br>(205) 870-9989<br>rrouco@qcwdr.com<br><br>*Counsel for Plaintiffs-Appellees* |